Henderson, Judge. —
 

 Contribution among co-securities, arises not from any contract between them, but from a principle of natural equity — that equality is equity among persons standing in the same situation. And this being now the established and well understood doctrine of a Court of Equity, it is sufficient to infer an understanding among them of mutual contribution; formen are presumed to act in reference to the laws governing the transaction. Hence it is, that a Court of Law never sustains jurisdiction in cases where one surety seeks contribution from the other; but this principle of Equity can only apply in cases where their situations are equal, for equality among persons whose situations are not equal, is not equity. If one surety stipulates for a separate indemnity, in this respect his situation is different from that of one who - makes no such stipulation ; and this indemnity is reached in favour of his co-security, upon the ground, either that it was intended for the benefit of all, or that the taking it was a fraud upon the others. In such cases, Courts of Equity convert him into a trustee, not permitting him to allege his own turpitude or selfishness as a protection ; for they enter into the agreement under a belief of perfect equality, trusting apparently to the same law's of indemnity, and to the united exertions of each other, to avoid harm severally;
 
 *361
 
 therefore, to take an indemnity, is a fraud upon the rest, and more especially, as it lessens the ability of the principal to indemnify the others, and if taken without such* secrecy, it is presumed to be designed for the benefit of all, and an indemnity fairly obtained. And such indemnities may be fair, and which the surety has a right to use exclusively for his own benefit, while he is indemnified ; if more than sufficient for that purpose, the excess should be communicated to the other .sureties, first, because it gives to the creditor an equitable lien on such indemnity, and the creditor should cede, and in Equity is supposed to cede, to a suffering surety, all his means and facilities in enforcing and securing payment; and secondly, from the intimate connection subsisting between them, as being engaged in one common league, we have only to appeal to our own bosoms to ascertain the benevolent feelings excited by such connection, and the dictates of benevolence become duties, when not prejudicial to ourselves ; but in observing its dictates, we. are not bound to encounter hazard or trouble, and therefore, where this surplus lien is sacrificed to our good or safety in that transaction, the co-surety has- no right to complain.
 

 The facts of this case preclude all idea that the Complainant entered into the engagement, under a false appearance of equality, and it affords as little evidence that it was designed also for his benefit, for he attested the instrument creating the lien. In truth, this appears to be a fair and explicit transaction. The Complainant was willing to become
 
 Jones’s.,
 
 surety without a lien, and without the participation of -tire Defendant. Such proffer was made before tbe Defendant was called on. Application was then made to the Defendant, not at the instance of the Complainant, to aid him in encountering the risk, but tiie money could not be procured without an additional name on the paper; in this situation, the Defendant stipulates for a lien, and this within the knowledge and presence of the Complainant, who required
 
 *362
 
 none, ami negatived all idea that the Defendant was acting for their joint benefit, by attesting the instrument creating the lien. He has therefore, no claim, either ont the g-j-onml of fraud or intention, and the claim to the excess, I think, stands on an equally slender foundation. Had the Defendant wantonly or capriciously discharged the excess of the lien, the Complainant would have had cause of complaint. But if the Defendant, for his own-case and convenience in the transaction, sacrificed it, lie has none. All he can ask is, that he should have it, when it is not longer of any service to the Defendant. Good faith as to this, is all that equity requires. If, by sacrificing the excess, he more promptly, and with less trouble and risk, obtained an indemnity, who has a right to complain ? On whose rights or labours has he trespassed ? Noton the Complainant’s. But i do not view the transaction at the sale of the npgroes, by any means as an abandonment; it may be so, but the Answer does not admit it. But, as Í have said before, that is entirely immaterial. If lie did so, it was for his accommodation, to avoid controversy, to make himself perfectly safe. In this he has violated no obligation, at least none which a Court of Justice recognizes.
 

 The Biue dismissed with costs.