C. F. HARVEY v. C. OETTINGER ET AL.

(Filed 9 November, 1927.)

1. **Equity—Contribution—Bills and Notes—Endorsement.**

   Where one of several endorsers on a note has been legally required to pay, and does pay the same, he is entitled to contribution from the other endorsers under the principle that equality is equity, among those standing in the same situation.

2. **Bills and Notes—Negotiable Instruments—Corporations—Contribution —Endorsers—Equity—Receivers—Parties.**

   Where one of the endorsers of a note of a corporation taking over the business of another has been legally required to pay the note, and sues his coendorsers for contribution, and the answer alleges that the plaintiff had knowingly and fraudulently concealed the financial condition of the purchased corporation, and that he had failed under his agreement to properly attend to the financing of the purchasing corporation, and that the defendant's endorsement was thus procured by the plaintiff's fraud: *Held,* a sufficient defense is alleged to raise the issue for the jury, and overthrow the plaintiff's demurrer; and the position is untenable that the receiver of the corporation making the note and since declared insolvent can only maintain the action in his representative capacity.

CONNOR, J., dissenting.

APPEAL by defendants, H. E. Moseley, L. L. Oettinger, F. C. Dunn and Mrs. Myrtie A. Tull, executrix, from *Sinclair, J.,* at May Term, 1927, of LENOIR.

Civil action for contribution. Plaintiff and defendants, being stockholders in the Kinston Knitting Company, endorsed for accommodation, certain notes of said company, which were paid by plaintiff after default on the part of the principal and demand for payment refused by each of the defendants, coendorsers with plaintiff. Plaintiff sues for contribution.

The defendants, H. E. Moseley, L. L. Oettinger, F. C. Dunn and Mrs. Myrtie A. Tull, executrix of the estate of Henry Tull, deceased, demurred *ore tenus* to the complaint, but this was overruled. They then answered, setting out in detail the circumstances under which the transactions occurred, and alleging that the defendants were induced to endorse the notes in question under a misapprehension of the facts and because of the plaintiff's promise "to take charge of and manage all the affairs of the Kinston Knitting Company, and by express agreement to see that it was supplied with credit in order to carry on its operations," which said promise and agreement the plaintiff wrongfully, wilfully and negligently refused to carry out; and further, it is alleged, that at the

time of the endorsement of said notes the plaintiff wrongfully and in violation of the duty which he owed to the defendants, withheld from them material and important facts bearing upon the condition of the Orion Knitting Mills, which the Kinston Knitting Company was organized to take over, and that the suppression of such facts amounted to a legal fraud upon the rights of the defendants. This alleged wrongful and fraudulent conduct of plaintiff is pleaded in bar of his right to recover in the present action.

The trial court, being of opinion that the matters set up by the answering defendants were not sufficient to defeat a recovery, rendered judgment in favor of the plaintiff on the pleadings. The answering defendants appeal, assigning errors.

*Cowper, Whitaker & Allen and Connor & Hill for plaintiff.*
*Rouse & Rouse for defendants.*

STACY, C. J., after stating the case: The demurrer, interposed by the appealing defendants was properly overruled. But from a careful perusal of the record, we are convinced that issuable matters have been set up by the answering defendants in their pleadings, and that appropriate issues should be submitted to a jury for a proper determination of the controversy. *Barnes v. Trust Co., ante,* 371.

If the answering defendants have evidence to support the allegation that they endorsed the notes in question under a misapprehension of the facts, caused by a wrongful suppression of information on the part of the plaintiff, this would carry the case to the jury. Contribution arises out of the principle that "equality is equity" among those standing in the same situation. *Moore v. Moore,* 11 N. C., 358. The defendants, by their allegations, deny that they stand in the same legal position with the plaintiff.

Again, equity will not aid the plaintiff, if the losses in question, as alleged by the defendants, were occasioned by his own wrongful act in wilfully refusing to carry out his promise to finance the corporation, and such promise was a material inducement to the defendants to endorse the notes of the Kinston Knitting Company. But this is only an allegation, and it is denied. The truth of the matter can be determined by a jury.

We do not regard the principle announced in *Douglass v. Dawson,* 190 N. C., 458, with respect to the right of the receiver of an insolvent corporation to maintain an action for a wrong done the corporation as distinguished from the right of a creditor to maintain an action for a wrong done to him personally, controlling on the facts of the present record. The action is for contribution, which could arise only upon

payment by the plaintiff, and this seems to have been made after the appointment of the receiver. 6 R. C. L., 1036; 13 C. J., 821. But however this may be, the defendants plead personal losses directly induced by plaintiff's alleged wrongs, irrespective of the injuries alleged to have been sustained by the corporation. These allegations, if sustained, would seem to be sufficient at least to defeat plaintiff's action for contribution.

There was error in rendering judgment on the pleadings as against the answering defendants.

Error.

CONNOR, J., dissenting: No answer was filed to the verified complaint in this action by either of the defendants, C. Oettinger, T. V. Moseley or F. M. Taylor. The defendants, L. L. Oettinger, H. E. Moseley and F. C. Dunn filed a joint answer to the complaint in which they admit the material allegations upon which plaintiff prays judgment against all the defendants. In their answer they allege facts which they contend constitute a defense to plaintiff's action. The defendant, Mrs. Myrtie A. Tull, executrix of Henry Tull, deceased, formally adopted the answer of her codefendants as her answer to the complaint. Plaintiff filed a reply to the answer in which he denied the allegations of the answer upon which the answering defendants rely to defeat plaintiff's recovery. These answering defendants, other than Mrs. Myrtie A. Tull, executrix, filed a rebutter to the reply, in which they admitted the material facts set out in the reply, and reiterate the allegations of their answer.

Upon this state of the pleadings plaintiff moved for judgment by default final against defendants, C. Oettinger, T. V. Moseley and F. M. Taylor, for want of an answer, and against the answering defendants for that no facts are alleged in their pleadings, which constitute a defense to plaintiff's cause of action as set out in his complaint.

This motion was allowed, and judgment was rendered accordingly that plaintiff recover of all the defendants the sum of $96,168.53, this being seven-eighths of the total amount paid by plaintiff in discharge of the notes set out in the complaint, upon which plaintiff and defendants were jointly liable as sureties and which plaintiff had paid, upon demand of the holders of the notes, after their maturity, and after default by the maker, who had become insolvent. Provision is made in the judgment that the cause be retained, in order that if it shall hereafter appear that any of the defendants is insolvent, and for that reason plaintiff is unable to collect by execution the amount for which such defendant is liable by reason of the judgment, such other orders and

judgments may be made and rendered herein as may be necessary and proper for the protection of the rights of plaintiff and of the defendants and each of them to the end that proper contribution may be had from all the defendants.

To this judgment the answering defendants excepted. They only have appealed from the judgment to this Court. Their codefendants, who filed no answer, make no complaint of the judgment. As to them the judgment is final.

In the court below the answering defendants demurred *ore tenus* to the complaint, for that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled and said defendants excepted. Their first assignment of error is based upon this exception. I concur in the opinion of the Court that this assignment of error cannot be sustained.

Plaintiff and defendants were stockholders of the Kinston Knitting Mills, a corporation engaged in business in the city of Kinston, N. C. They had endorsed various notes, aggregating a large amount, executed by the corporation, for money borrowed to enable the corporation to carry on its business. They were each and all interested in the success of the corporation as stockholders. It is not denied that as such endorsers, by special agreement, they were liable as sureties on the notes, without priority, the one over the other. *Lancaster v. Stanfield*, 191 N. C., 340; *Dillard v. Mercantile Co.*, 190 N. C., 225; *Gillam v. Walker*, 189 N. C., 189.

These notes had been renewed from time to time. On 27 February, 1927, at a meeting of the board of directors of the said corporation, consisting of plaintiff, C. F. Harvey, and of defendants, C. Oettinger, L. L. Oettinger, F. M. Taylor, T. V. Moseley, H. E. Moseley, and C. F. Dunn, a resolution was adopted, reciting that the corporation "notwithstanding the best efforts and judgment of its officials and directors," was unable to meet its indebtedness, and directing that the officers of the corporation take steps at once to have a receiver appointed for the corporation. Thereafter a receiver was appointed, and the holders of the notes, which were endorsed by plaintiff and defendants, called upon the said endorsers to pay said notes. Defendants failed to pay said notes, or any part of same; plaintiff thereupon paid the notes, and has brought this action against defendants, his cosureties, for contribution.

The appellants resist recovery by plaintiff upon their allegation that the corporation was rendered insolvent, and thereby unable to pay its indebtedness, including said notes, by the wrongful conduct of plaintiff, its president (1) in that plaintiff, in breach of his duties as president, absented himself from his office, for four months, during which

time he was traveling in Europe, and (2) in that plaintiff, in breach of his duties as president, failed to procure further extensions of the notes upon which he and defendants were liable as sureties. Defendants allege that they endorsed said notes, and thereby became liable as sureties, upon their assurance that plaintiff would faithfully perform his duties as president, and would use his personal credit to procure extension of said notes. All of the defendants, except Mrs. Myrtie A. Tull, executrix, were directors of the corporation; defendant F. C. Dunn was first vice-president, and defendant H. E. Moseley second vice-president of the corporation.

I am of the opinion that if all the facts alleged in the answer and rebutter of the answering defendants be established, such facts do not constitute a cause of action upon which these defendants could recover of plaintiff, and that they therefore do not constitute any defense to this action in behalf of these appellants. The cause of action, if any, arising upon the facts alleged in the answer and rebutter can be maintained only by the corporation or by the receiver. The damages, if any, resulting from the breach of his duties by plaintiff, as president of the corporation, are assets of the corporation, and should be administered for the benefit of the corporation, its creditors and all its stockholders. I think the law as stated in *Douglass v. Dawson,* 190 N. C., 458, is applicable to these facts. This case does not, in my opinion, fall within the principle of *Bane v. Powell,* 192 N. C., 387. The distinction between these two cases has been clearly stated in the recent opinion of this Court in *Wall v. Howard, ante,* 310. These cases deal with actions against directors of insolvent banks, but the principles of law upon which they were decided are applicable to actions involving the conduct of officers and directors of corporations other than banks.

The result of this decision, it seems to me, is that three out of seven directors of the Kinston Knitting Mills are permitted to set up as a defense to a cause of action, upon which they are personally liable, facts which constitute a cause of action, upon which the corporation or its receiver alone is entitled to recover. Defendants who filed no answer and against whom a final judgment has been rendered in this action, upon the facts alleged are as much entitled to maintain this defense as the answering defendants. Neither of them is so entitled, in my opinion; only the corporation which has sustained damages by reason of the wrongful acts of plaintiff, its president, or its receiver, may maintain an action upon the facts relied upon by these defendants. I do not think that their pleadings can be justly construed as alleging any contract or agreement by the plaintiff with these defendants, as individuals. Plaintiff as president owed certain duties to the corporation; for damages

resulting from a breach of these duties, if any, he is manifestly liable only to the corporation. The general allegations that plaintiff agreed to finance the corporation, by means of his personal credit—without regard to any limit as to amount or as to time, or as to conditions that might arise in the future, and that he failed to comply with this agreement, are not sufficient, in my opinion, to give rise to a cause of action in behalf of the defendants against him, or to constitute a defense to his action against them for contribution. He cannot be held liable to them, either in law or in equity upon these allegations.

Defendants, who are officers and directors of the corporation, owed a duty to the corporation, its stockholders and creditors, with respect to the matters upon which they rely for defense in this action which is brought against them as individuals. They allege that for four months the plaintiff, as president, failed to perform his official duties, and that the corporation thereby suffered damages. It does not seem that they ought to be permitted, in law or in equity, to set up as a defense in this action the breach by the plaintiff of his duties as president when necessarily it appears that they knew of such breach and took no steps to prevent it.

I cannot concur in the decision made by the Court of the question presented by this appeal. In my opinion there is no error in the judgment of the Superior Court, and it should be affirmed.