CONNOR, J., dissenting.
Civil action for contribution. Plaintiff and defendants, being stockholders in the Kinston Knitting Company, endorsed for accommodation, certain notes of said company, which were paid by plaintiff after default on the part of the principal and demand for payment refused by each of the defendants, coendorsers with plaintiff. Plaintiff sues for contribution.
The defendants, H.E. Moseley, L.L. Oettinger, F. C. Dunn and Mrs. Myrtie A. Tull, executrix of the estate of Henry Tull, deceased, demurredore tenus to the complaint, but this was overruled. They then answered, setting out in detail the circumstances under which the transactions occurred, and alleging that the defendants were induced to endorse the notes in question under a misapprehension of the facts and because of the plaintiff's promise "to take charge of and manage all the affairs of the Kinston Knitting Company, and by express agreement to see that it was supplied with credit in order to carry on its operations," which said promise and agreement the plaintiff wrongfully, wilfully and negligently refused to carry out; and further, it is alleged, that at the *Page 484 
time of the endorsement of said notes the plaintiff wrongfully and in violation of the duty which he owed to the defendants, withheld from them material and important facts bearing upon the condition of the Orion Knitting Mills, which the Kinston Knitting Company was organized to take over, and that the suppression of such facts amounted to a legal fraud upon the rights of the defendants. This alleged wrongful and fraudulent conduct of plaintiff is pleaded in bar of his right to recover in the present action.
The trial court, being of opinion that the matters set up by the answering defendants were not sufficient to defeat a recovery, rendered judgment in favor of the plaintiff on the pleadings. The answering defendants appeal, assigning errors.
after stating the case: The demurrer, interposed by the appealing defendants was properly overruled. But from a careful perusal of the record, we are convinced that issuable matters have been set up by the answering defendants in their pleadings, and that appropriate issues should be submitted to a jury for a proper determination of the controversy.Barnes v. Trust Co., ante, 371.
If the answering defendants have evidence to support the allegation that they endorsed the notes in question under a misapprehension of the facts, caused by a wrongful suppression of information on the part of the plaintiff, this would carry the case to the jury. Contribution arises out of the principle that "equality is equity" among those standing in the same situation. Moore v. Moore, 11 N.C. 358. The defendants, by their allegations, deny that they stand in the same legal position with the plaintiff.
Again, equity will not aid the plaintiff, if the losses in question, as alleged by the defendants, were occasioned by his own wrongful act in wilfully refusing to carry out his promise to finance the corporation, and such promise was a material inducement to the defendants to endorse the notes of the Kinston Knitting Company. But this is only an allegation, and it is denied. The truth of the matter can be determined by a jury.
We do not regard the principle announced in Douglass v. Dawson,190 N.C. 458, with respect to the right of the receiver of an insolvent corporation to maintain an action for a wrong done the corporation as distinguished from the right of a creditor to maintain an action for a wrong done to him personally, controlling on the facts of the present record. The action is for contribution, which could arise only upon *Page 485 
payment by the plaintiff, and this seems to have been made after the appointment of the receiver. 6 R.C.L., 1036; 13 C. J., 821. But however this may be, the defendants plead personal losses directly induced by plaintiff's alleged wrongs, irrespective of the injuries alleged to have been sustained by the corporation. These allegations, if sustained, would seem to be sufficient at least to defeat plaintiff's action for contribution.
There was error in rendering judgment on the pleadings as against the answering defendants.
Error.