MABEL BRIGHT, ADMINISTRATRIX OF JAMES C. BRIGHT, JR., v. N. B. & C. MOTOR LINES, INC., AND B. HAMPTON ELLINGTON.

(Filed 3 November, 1937.)

**Master and Servant § 49—Award under Compensation Act precludes action for wrongful death against employer.**

An award by the Industrial Commission to the widow of an employee excludes all other rights and remedies, and the administrator of the

employee may not maintain an action against the employer for wrongful death, and the fact that the injury resulted from negligence in the violation by the employer of a criminal statute does not alter this result. C. S., 8081 (r).

APPEAL by the plaintiff from *Cranmer, J.,* at April Term, 1937, of PITT. Affirmed.

*S. J. Everett for plaintiff, appellant.*
*Thos. W. Ruffin for defendant, appellee.*

PER CURIAM. This was an action to recover damages for wrongful death alleged to have been negligently caused by the defendant motor lines in directing the plaintiff's intestate to drive upon the public highways in an automobile with a trailer not firmly attached thereto, and equipped with inadequate brakes, in violation of the criminal statutes.

The pleadings (complaint, answer and reply) disclose that at the time the plaintiff's intestate received the fatal injuries alleged in the complaint the defendant motor lines had more than five employees, including the plaintiff's intestate, and that neither the plaintiff's intestate nor the defendant motor lines had rejected the provisions of the North Carolina Workmen's Compensation Act, and that said motor lines had procured insurance for its employees thereunder, and that an award had been made by the North Carolina Industrial Commission to Appie Gerrard Bright, widow of the plaintiff's intestate, and was now being paid to her in weekly installments by the American Mutual Liability Insurance Company, insurance carrier.

Upon the pleadings the court awarded judgment for the defendants and the plaintiff appealed to the Supreme Court, assigning the signing of the judgment as error.

The award by the Commission to the widow of the employee excludes all other rights and remedies of such employee or his personal representative against his employer at common law, or otherwise, on account of personal injury or death. The appellant's suggested distinction between an injury by accident and an injury resulting from negligence due to the violation of a criminal statute cannot avail her. C. S., 8081 (r), *Pilley v. Cotton Mills,* 201 N. C., 426.

The complaint alleges no cause of action against the defendant B. Hampton Ellington.

The judgment below is
Affirmed.