### GREEN v. WAR SHIPPING ADMINISTRATION et al.

#### No. 17624.

District Court, E. D. New York.

May 9, 1946.

394

Melvin Sacks, of New York City, for libellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Burlingham, Veeder, Clark & Hupper, of New York City (C. B. M. O'Kelley, of New York City, of counsel), for respondent United States.

Thomas A. McDonald, of New York City (Edward C. McDonald, of Brooklyn, N. Y., and Thomas A. McDonald, of New York City, of counsel), for respondent-impleaded.

MOSCOWITZ, District Judge.

The Cardinal Engineering Company, the respondent-impleaded, has excepted to the libel and the petition of the respondent, the United States of America.

Libellant brought this action against the United States of America for personal injuries which he alleges were sustained on the S.S. Andrew W. Preston, owned and operated by the United States of America. The libel alleges that he was employed by the Cardinal Engineering Company as a rigger and that, while repairing the vessel, due to its negligence he fell and was injured.

Pursuant to Rule 56 of the Admiralty Rules, 28 U.S.C.A. following section 723, respondent United States of America impleaded Cardinal Engineering Company, libellant's employer, the respondent-impleaded, which was making repairs pursuant to a contract with the respondent, the United States of America.

Th petition of the respondent is short and reads as follows:

"First: At all of the times hereinafter mentioned petitioner was and now is a corporation sovereign and owner of the steamship Andrew W. Preston.

"Second: Respondent-impleaded Cardinal Engineering Company was at all of the times hereinafter mentioned and now is a foreign corporation with an office and place of business within this district.

"Third: On or about September 11, 1945, Daniel Green filed a libel in this Court for damages in the sum of $50,000. against United States of America, petitioner herein, alleging that libellant while employed by Cardinal Engineering Company aboard the steamship Andrew W. Preston fell and was injured while working on the cross tree of the masthead of the mizzen mast by reason of the negligence of respondent herein.

"Fourth: Petitioner alleges that on September 15, 1944, pursuant to a written contract with petitioner, the respondent-impleaded Cardinal Engineering Company was engaged as an independent contractor in making certain repairs on the steamship Andrew W. Preston lying at Pier 3, North River, New York, New York. Said contract provides in part as follows:

"'(f) The Contractor shall place proper safeguards for the prevention of accidents * * * and use its best efforts to prevent accidents or injury to persons or property.

* * * * * *

"'(m) The Contractor shall indemnify and save harmless the Government and its agencies and instrumentalities, the vessel and the owner of the vessel, from all suits or actions and damages or costs of every name and description to which the Government and its agencies and instrumentalities, the vessel or the owner thereof may be subject or put by reason of injury (including death) to the person or property of another arising or growing out of the fault or negligence of the Contractor or any subcontractor, its or their servants, agents or employees.'

"Fifth: If said injuries were caused or contributed to by any fault or negligence other than that of libellant, the fault and

negligence of Cardinal Engineering Company, its agents, servants and employees in the course of performing its duties under such contract caused or contributed to said injuries.

"Sixth: By reason of the premises Cardinal Engineering Company is solely liable for whatever amount, if any, may be decreed herein and moreover is answerable to petitioner for any amount which may be awarded under the libel against petitioner, and is, therefore, a necessary and proper party in this suit and ought to be proceeded against as if originally named in the libel herein. Petitioner files herein its answer to the libel herein.

"Seventh: All and singular the premises are true and if this Court has jurisdiction of the cause set forth in said libel and the parties named therein, the matters herein alleged are within the admiralty and maritime jurisdiction of the United States and of this Honorable Court."

Respondent alleges that any injuries suffered by libellant were not caused by its negligence, but that of the Cardinal Engineering Company in carrying out its duties under the contract between the libellant and the respondent.

Respondent-impleaded excepts to the libel and petition of the United States of America on the following grounds:

"1. At the times referred to in the libel and petition, libellant was an employee of respondent-impleaded and the work which he was performing at the time of his alleged injuries was work being performed by him as such employee of respondent-impleaded.

"2. At the times aforesaid respondent-impleaded, through his insurance carrier, State Insurance Fund, provided the insurance and protection required to be furnished by him pursuant to the terms of the Longshoremen's and Harbor Workers Compensation Act and by reason of the terms of said act, respondent-impleaded is not liable to libellant or to anyone else, including respondent, on account of the matters alleged in said libel and petition.

"3. By reason of the furnishing of such insurance and the terms of the aforesaid Act there can be no liability upon respondent as a result of the matters alleged in the libel.

"4. The matters alleged in said petition of United States of America, are not within the admiralty or maritime jurisdiction of this Honorable Court.

"5. The indemnification clause alleged in paragraph Fourth of said petition is clearly separable from all other clauses of said contract and from all other matters alleged in the libel and petition and any cause of action based thereon is not within the admiralty or maritime jurisdiction of this Honorable Court.

"6. Respondent-impleaded demands a jury trial as to all matters involving said contract and all matters not within the admiralty jurisdiction of this Honorable Court.

"7. The matters alleged and the relief sought do not come within the 56th Rule of Admiralty.

"8. The libel and petition fail to state any cause of action against respondent-impleaded."

The respondent-impleaded contends that, having provided for the payment of compensation to its employee, the libellant, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., it cannot be held liable to libellant or to respondent. The remedy provided by the Compensation Act, of course, is exclusive as between the employer and employee; however, this does not bar a third party from recovering from the employer damages such party is required to pay to the employee due to the negligence of the employer. See Burris v. American Chicle Co., 2 Cir., 120 F.2d 218.

Another contention made by the respondent-impleaded is that the indemnification clause contained in the fourth article of the petition is clearly separable from all other clauses of the contract and from all other matters alleged in the libel and petition and that any cause of action based thereon is not within the admiralty or maritime jurisdiction of this court. With this contention the Court is unable to agree. The respondent is entitled to be

indemnified against any loss due to the negligence of the respondent-impleaded. See Moran Towing & T. Co. v. Navigazione Libera Triestina, S.A., 2 Cir., 92 F.2d 37, certiorari denied 302 U.S. 744, 58 S.Ct. 145, 82 L.Ed. 575; Porello v. United States, 2 Cir., 153 F.2d 605, 1946 A.M.C. 163, 286. The indemnification clause is not separable from other clauses of the contract.

The Admiralty Court having jurisdiction, respondent-impleaded is not entitled to a separate trial nor to a jury trial of the issues raised between respondent and respondent-impleaded.

Exceptions overruled. Settle order on notice.