ORVIN O. HUNSUCKER v. HIGH POINT BENDING & CHAIR COMPANY,
AND CAROLINA POWER & LIGHT COMPANY, ORIGINAL DEFENDANTS;
AND HERMAN-SIPE & COMPANY, AND UNITED STATES CASUALTY
COMPANY, ADDITIONAL PARTIES DEFENDANTS.

(Filed 29 April, 1953.)

**1. Torts § 5—**

Under the common law, an injured person can sue any one or all of
several joint tort-feasors whose negligent acts or omissions unite to pro-
duce his injury.

**2. Torts § 6—**

The general rule of the common law is that there is no right to indem-
nity as between joint tort-feasors.

**3. Same: Negligence § 8—**

As an exception to the common law rule that there is no right to indem-
nity as between joint tort-feasors, a tort-feasor who has paid the injured
person for the injury, and whose negligence is secondary, is entitled to
indemnity against the tort-feasor whose negligence was primary, such
indemnity being based upon the fiction of a *quasi*-contract implied from
the circumstance that he has discharged an obligation for which the
actively negligent tort-feasor was primarily liable.

**4. Master and Servant § 40a—**

When an employee who has accepted and is bound by the provisions of
the North Carolina Workmen's Compensation Act suffers an injury by
accident arising out of and in the course of his employment as the proxi-
mate consequence of the active negligence of his employer and the passive
negligence of a third party, he can claim the compensation allowed by the
Workmen's Compensation Act from his employer and the insurance carrier.

**5. Master and Servant § 41—**

Where an employee who is bound by the provisions of the Workmen's
Compensation Act suffers an injury arising out of and in the course of his
employment as a proximate consequence of the active negligence of his
employer and the passive negligence of a third party, he is entitled, in
addition to the compensation from his employer allowed under the Act,
to sue the third party when neither the employer nor the insurance carrier
brings suit within six months from the date of the injury.  G.S. 97-10.

**6. Torts § 6—**

There is no fundamental distinction between the right of one tort-feasor
to contribution from another tort-feasor equally at fault and the right of
a passively negligent party to indemnity from the actively negligent party,
since neither right arises unless both of them are liable to the same person
as joint tort-feasors, and both the right to contribution and the right to
indemnity rest on principles of equity and natural justice and not on any
theory of subrogation to the rights of the injured person.  G.S. 1-240.

**7. Master and Servant § 37—**

Under the provisions of the North Carolina Workmen's Compensation
Act the liability of the employer to his employee for compensable injury is

limited to the compensation provided in the Act, and the Act relieves the employer of any liability as a tort-feasor to his employee.

**8. Master and Servant § 41: Negligence § 8: Torts § 6: Parties § 10a: Pleadings § 31—**

The North Carolina Workmen's Compensation Act abrogates both the statutory right of a negligent third party to claim contribution from a negligent employer in equal fault, and the common law right of a passively negligent third party to demand indemnity from an actively negligent employer, and therefore in the employee's action against the third party tort-feasor, order joining the employer and its insurance carrier as additional parties defendant is properly vacated, and those portions of the original defendant's answer which set up a cross action against the employer and the insurance carrier for indemnity are properly stricken.

APPEAL by original defendant Carolina Power & Light Company from *Moore, J.,* at February Term, 1953, of CATAWBA.

Civil action by an injured employee against alleged negligent third parties to recover damages for an injury compensable under Workmen's Compensation Act heard upon motions to strike allegations of the third parties and to vacate orders of court impleading the employer and the insurance carrier.

For convenience of narration, the High Point Bending & Chair Company is called the Chair Company, the Carolina Power & Light Company is characterized as the Power Company, Herman-Sipe & Company is designated as Herman-Sipe, and the United States Casualty Company is referred to as the Casualty Company.

The essential facts are stated in chronological order and in ultimate terms in the numbered paragraphs set forth below.

1. The Chair Company operated a furniture factory on premises owned by it in Siler City.

2. The furniture factory was electrified by the Power Company by means of a high-voltage power line passing over the premises of the Chair Company.

3. The Chair Company hired Herman-Sipe, a building contractor, to construct an addition to the furniture factory near the high-voltage power line of the Power Company.

4. During the progress of the work, to wit, on 10 November, 1949, the plaintiff Orvin O. Hunsucker, an employee of Herman-Sipe, was severely burned when a steel pipe which he was handling came in contact with the high-voltage power line of the Power Company.

5. The plaintiff and his employer had accepted the provisions of the North Carolina Workmen's Compensation Act. In consequence, the Casualty Company, as the insurance carrier for Herman-Sipe, paid the plaintiff workmen's compensation on account of his injury.

6. Neither Herman-Sipe nor the Casualty Company has ever brought an action against the Chair Company or the Power Company for the recovery of damages suffered by the plaintiff on account of his injury.

7. On 18 January, 1952, the plaintiff commenced this action against the Chair Company and the Power Company in the Superior Court of Catawba County. His complaint stated in detail that his injury was caused by the combined actionable negligence of the Chair Company and the Power Company, and that he suffered damages totaling $85,000 on account of his injury. He prayed judgment against the Chair Company and the Power Company for that sum.

8. On 2 January, 1953, the Clerk of the Superior Court of Catawba County entered an order in the cause making Herman-Sipe and the Casualty Company additional party defendants, and directing that summons be issued against them. The order was entered at the instance of the Chair Company and the Power Company, and without notice to the plaintiff, or Herman-Sipe, or the Casualty Company.

9. At the time of the entry of the order, the Chair Company and the Power Company filed separate amended answers in the action. Each amended answer denied actionable negligence on the part of the defendant filing it; pleaded contributory negligence on the part of the plaintiff as a complete defense to the cause of action asserted in the complaint; set up the facts respecting the payment of workmen's compensation to the plaintiff by the Casualty Company; and pleaded independent concurring negligence on the part of the employer, Herman-Sipe, as a bar, *pro tanto,* to the recovery of the amount of the workmen's compensation paid by the Casualty Company to the plaintiff. Each amended answer also pleaded a third-party action against Herman-Sipe and the Casualty Company. The contents of the third-party action of the Chair Company are not detailed because no question relating to them arises on the appeal.

10. The third-party action of the Power Company demanded indemnity by way of recovery over against the plaintiff's employer, Herman-Sipe, and its insurance carrier, the Casualty Company, for the full amount of any judgment which the plaintiff should obtain against the Power Company in this action on account of his injury. This demand was bottomed on these theories: (1) That the Power Company would be entitled to be indemnified against any such judgment by Herman-Sipe because the plaintiff's injury was the proximate product of a combination of active or primary negligence on the part of Herman-Sipe and passive or secondary negligence on the part of the Power Company; and (2) that the Power Company would be entitled to be indemnified against any such judgment by the Casualty Company because the Casualty Company had contracted to indemnify Herman-Sipe against any loss by reason of liability imposed upon it by law for damages on account of injuries to its

employees. The factual allegations of the third-party action of the Power Company are not detailed. We take it for granted without so deciding for the purpose of this particular appeal only that such allegations made out a case of active or primary negligence on the part of Herman-Sipe and passive or secondary negligence on the part of the Power Company.

11. Shortly after 2 January, 1953, summons was served upon Herman-Sipe and the Casualty Company.

12. Herman-Sipe and the Casualty Company forthwith filed these motions in the cause: (1) Motions to vacate the order of 2 January, 1953, making them parties to the action; and (2) motions to strike from the amended answers the third-party actions alleged against them by the Chair Company and the Power Company.

13. The motions were heard by Judge Moore at the February Term, 1953, of the Superior Court of Catawba County. He entered orders allowing all of the motions in all respects. The Power Company alone appealed. It asserts that Judge Moore committed legal error in each of these respects: (1) That he erred in setting aside the order making Herman-Sipe and the Casualty Company parties; and (2) that he erred in striking from the amended answer of the Power Company its third-party action against Herman-Sipe and the Casualty Company for indemnity.

*Eddy S. Merritt and Patrick & Harper for the plaintiff Orvin O. Hunsucker, appellee.*

*Thomas P. Pruitt, E. S. Delaney, Jr., and A. Y. Arledge for the original defendant Carolina Power & Light Company, appellant.*

*Jones & Small and Sigmon & Sigmon for the additional defendant Herman-Sipe & Company, appellee.*

*Jones & Small for the additional defendant United States Casualty Company, appellee.*

ERVIN, J. It is advisable to note at the outset certain well settled rules of the common law which were accorded full recognition in this State before the adoption of the Workmen's Compensation Act.

Under the common law, an injured person can sue any one or all of several joint tort-feasors whose negligent acts or omissions unite to produce his injury. *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690; *Bechtler v. Bracken,* 218 N.C. 515, 11 S.E. 2d 721; *Smith v. Sink,* 210 N.C. 815, 188 S.E. 631; *Ridge v. High Point,* 176 N.C. 421, 97 S.E. 369; *Sircey v. Rees' Sons,* 155 N.C. 296, 71 S.E. 310; *Dillon v. Raleigh,* 124 N.C. 184, 32 S.E. 548.

The general rule of the common law is that there is no right to indemnity as between joint tort-feasors. *Taylor v. Construction Co.,* 195 N.C. 30, 141 S.E. 492; *Bowman v. Greensboro,* 190 N.C. 611, 130 S.E. 502. This general rule is subject to certain well defined exceptions or limitations, which coalesce in the doctrine that a party secondarily liable in a tort action is entitled to indemnity from the party primarily liable, even in cases where both parties are denominated joint tort-feasors.

One of these exceptions or limitations rests solely upon a difference between the kinds of negligence of two tort-feasors, and comes into play when the active negligence of one tort-feasor and the passive negligence of another tort-feasor combine and proximately cause an injury to a third person. *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648; *Slattery v. Marra Bros.,* 186 F. 2d 134; 65 C.J.S., Negligence, section 102. In such case, the passively negligent tort-feasor, who is compelled to pay damages to the injured person on account of the injury, is entitled to indemnity from the actively negligent tort-feasor. *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118.

The rationale of this exception or limitation is similar to that which underlies the entire law of indemnity. 42 C.J.S., Indemnity, sections 2 and 23. It is simply this: The actively negligent tort-feasor and the passively negligent tort-feasor are both liable in damages to the injured third person for the joint wrong. As between themselves, however, the primary liability for the damages rests upon the actively negligent tort-feasor because of the difference in the kinds of negligence of the two tort-feasors. When the passively negligent tort-feasor is forced to pay the damages to the injured third person, he discharges the obligation for which the actively negligent tort-feasor is primarily liable, and for this reason is entitled to indemnity from him. *Clothing Store v. Ellis Stone & Co., supra; Johnson v. Asheville,* 196 N.C. 550, 146 S.E. 229; *Taylor v. Construction Co., supra; Bowman v. Greensboro, supra; Hipp v. Farrell,* 169 N.C. 551, 86 S.E. 570; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *Doles v. R. R.,* 160 N.C. 318, 75 S.E. 722, 42 L.R.A. (N.S.) 67; *Commissioners v. Indemnity Co.,* 155 N.C. 219, 71 S.E. 214; *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070.

Although it is bottomed on the liability of the actively negligent tort-feasor and the passively negligent tort-feasor to the same person for the joint wrong, this exception or limitation was ingrafted on the general rule denying indemnity by judicial decisions during the golden age of the *quasi-*contract when judges resorted to legal fictions to lend the appearance of legal orthodoxy to new rules of law evolved by their own imaginations. The old-time judges said that the duty imposed by law upon the actively negligent tort-feasor to reimburse the passively negligent tort-feasor for the damages paid by him to the victim of their joint tort was

based on an implied contract, meaning a contract implied in law from the circumstance that the passively negligent tort-feasor had discharged an obligation for which the actively negligent tort-feasor was primarily liable. And this is all the courts mean today when they declare that the right of the passively negligent tort-feasor to indemnity from the actively negligent tort-feasor rests upon an implied contract. There is, of course, in such case no contract implied in fact. This is necessarily so because contracts implied in fact are true contracts based on consent. *Queen v. DeHart*, 209 N.C. 414, 184 S.E. 7; *Montgomery v. Lewis*, 187 N.C. 577, 122 S.E. 374; 12 Am. Jur., Contracts, section 6; 17 C.J.S., Contracts, sections 4 and 6.

When an employee who has accepted and is bound by the provisions of the North Carolina Workmen's Compensation Act suffers an injury by accident arising out of and in the course of his employment as the proximate consequence of the active negligence of his employer and the passive negligence of a third party, he can claim the compensation allowed by the Workmen's Compensation Act for his injury from his employer and the insurance carrier. He can also sue the negligent third party for the damages resulting from his injury in a common law action of tort in case neither his employer nor the insurance carrier brings such an action against the negligent third party within six months from the date of the injury. G.S. 97-10. The injured plaintiff has pursued these courses in the instant cause.

This brings us to the chief question arising on this appeal. Does the North Carolina Workmen's Compensation Act abrogate the common law right of a third party to recover indemnity from an employer for damages which the third party may be compelled to pay to an injured employee on account of a compensable injury proximately caused by the active negligence of the employer and the passive negligence of the third party?

Counsel for the appellant admit that this inquiry must be answered in the affirmative unless we repudiate as unsound what was said by us in the seventh subdivision of the opinion in the recent case of *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886. They assert with much earnestness and eloquence that we should take that course. They insist that the construction put upon the North Carolina Workmen's Compensation Act in the *Lovette case* is grossly unjust to the passively negligent third party; that diligent research indicates that the *Lovette case* is not supported by a single authority in any jurisdiction; that we fell into error in the *Lovette case* because we overlooked a fundamental distinction between the statutory right of one joint tort-feasor to demand contribution from another joint tort-feasor in equal fault and the common law right of a passively negligent joint tort-feasor to require indemnity from an actively

negligent joint tort-feasor; and that the *Lovette case* cannot be reconciled with the North Carolina Workmen's Compensation Act.

The sincerity and zeal of the able attorneys who represent the appellant prompt us to test the validity of each of these arguments, and to examine anew the considerations underlying the *Lovette case* uninfluenced by anything said or decided in *Essick v. Lexington,* 233 N.C. 600, 65 S.E. 2d 220; or *Eledge v. Light Co.,* 230 N.C. 584, 55 S.E. 2d 179.

These provisions of the Workmen's Compensation Act bear directly on our problem:

1. "Every employer who accepts the compensation provisions of this article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."   G.S. 97-9.

2. "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this article, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, as against his employer at common law, or otherwise, on account of such injury, loss of service, or death: Provided, however, that in any case where such employee, his personal representative, or other person may have a right to recover damages for such injury, loss of service, or death from any person other than the employer, compensation shall be paid in accordance with the provisions of this chapter."   G.S. 97-10.

We declared, in substance, in *Lovette v. Lloyd, supra,* that the North Carolina Workmen's Compensation Act abrogates the common law right of the passively negligent third party to demand indemnity from the actively negligent employer for damages paid by the former to the injured employee. Counsel for the appellant press a twofold argument to sustain the proposition that this construction of the Workmen's Compensation Act is grossly unjust to the passively negligent third party. They assert initially that it converts the third party into a scapegoat, and sends him away into the legal wilderness bearing the sin of the employer on his head. They insist secondarily that it wrests from the third party his common law right of indemnity, and gives him nothing whatever in recompense.

Neither of these positions is wholly sound. When the passively negligent third party responds in damages to the injured employee, he is not enacting in its entirety the simple role of an innocent scapegoat atoning for the sin of the employer. He is making amends for an injury which the employee would not have suffered had it not been for his own passive negligence. There is no substance in the notion that the North Carolina

Workmen's Compensation Act confers no right whatever upon the passively negligent third party. It reduces his liability in tort for the injury to the employee by the amount of the workmen's compensation received by the employee from the actively negligent employer or his insurance carrier. *Poindexter v. Motor Lines,* 235 N.C. 286, 69 S.E. 2d 495; *Brown v. R. R.,* 204 N.C. 668, 169 S.E. 419. In so doing, the North Carolina Workmen's Compensation Act is far more liberal to the negligent third party than the workmen's compensation acts of the majority of jurisdictions. Larson's Workmen's Compensation Laws, sections 75.23 and 76.22; 71 C.J., Workmen's Compensation Acts, section 1611.

Be these things as they may, the construction put on the North Carolina Workmen's Compensation Act in the *Lovette case* is not invalidated by the mere circumstance that such construction may occasion hardship or injustice to a passively negligent third party. 50 Am. Jur., Statutes, section 376. When the people of North Carolina vested the power to legislate in their General Assembly, they accepted the legal philosophy embodied in this declaration of the Roman historian Livy: "No law can possibly meet the convenience of every one: We must be satisfied if it be beneficial on the whole and to the majority." They knew, moreover, that perfect laws, like all the other absolutes, are as fabulous as the pot of gold at the rainbow's end. In consequence, they were not so foolish as to decree in their constitution that the enactments of their legislators must be perfect in conception and just in execution.

Counsel for the appellant assert that an extensive investigation on their part indicates that there is not a single judicial decision in any jurisdiction supporting the views respecting indemnity expressed in the seventh subdivision of the opinion in the *Lovette case.* They cite the twenty-two cases hereinafter mentioned to sustain this contention.

Much confusion is avoided if constant heed is paid to the significant and simple circumstance that the employer, *i.e.,* Herman-Sipe, had no contract with the appellant, or any other legal relation with it except that of joint tort-feasor.

Despite their undoubted diligence in searching for authorities, counsel for the appellant overlooked *Congressional Country Club v. Baltimore & Ohio R. Co.,* Md. Ct. of App., 1950, 71 A. 2d 696; *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491; *Slattery v. Marra Bros., supra;* and *Bankers Indemnity Co. v. Cleveland Hardware & Forging Co.,* 77 Ohio App. 121, 62 N.E. 2d 180, which involve precisely the same legal issues as those joined between the appellant and the employer in the case at bar. These four authorities expressly hold that the exclusive liability and remedy clauses in the Workmen's Compensation Acts of Maryland, New Jersey, and Ohio abrogate the common law right of the passively negligent third party to recover indemnity from the actively negligent employer for

damages which the third party is compelled to pay to the injured employee on account of a compensable injury. The Federal Longshoremen's and Harbor Workers' Compensation Act contains exclusive liability and remedy clauses somewhat similar to those incorporated in workmen's compensation acts. 33 U.S.C.A., section 905. The search made by counsel for the appellant failed to unearth *American Mutual Liability Ins. Co. v. Matthews,* 182 F. 2d 322, and *Standard Wholesale Phosphate & Acid Works, Inc., v. Rukert Terminals Corp.,* 193 Md. 20, 65 A. 2d 304, which hold, in substance, that the Federal Longshoremen's and Harbor Workers' Compensation Act forecloses the common law right of the passively negligent third party to demand indemnity from the actively negligent employer for damages which the third party is forced to pay to the injured employee on account of a compensable injury, and that in consequence the passively negligent third party cannot call on the actively negligent employer for indemnity for such damages unless the actively negligent employer has actually bound himself by contract to pay such indemnity. See, also, in this connection: *Lundberg v. Prudential Steamship Corp.,* 102 F. Supp. 115.

We return at this point to the cases cited by appellant. *Hitaffer v. Argonne Co.,* 183 F. 2d 811, the *S. S. Samovar,* 72 F. Supp. 574, the *Tampico,* 45 F. Supp. 174, *Schubert v. Schubert Wagon Co.,* 249 N.Y. 253, 164 N.E. 42, 64 A.L.R. 293, *Wright v. Wright,* 229 N.C. 503, 50 S.E. 2d 540, *Koontz v. Messer,* 320 Pa. 487, 181 A. 792, and *Murray v. Lavinsky,* 120 Pa. Super. 393, 182 A. 803, require no analysis. They do not involve the precise problem presented by the appeal. Moreover, the rulings in the *S. S. Samovar case,* and the *Tampico case* are disapproved in *American Mutual Liability Ins. Co. v. Matthews, supra.*

The other fifteen cases cited by appellant are decisions recognizing the right of third parties to recover indemnity under unusual circumstances from negligent employers covered by the Workmen's Compensation Acts of California, Iowa, and New York, and the Federal Longshoremen's and Harbor Workers' Compensation Act. They are clearly distinguishable, however, from the controversy between the appellant and the employer in the case at bar in that in each of them the negligent employer had an express contract with the third party or bore some special legal relationship to him other than that arising out of participation in the joint wrong to the injured employer. Thus, in *Mirsky v. Seaich Realty Co.,* 256 App. Div. 658, 11 N.Y.S. 2d 191, *Clements v. Rockefeller,* 189 Misc. 889, 76 N.Y.S. 2d 493, *Alloco v. Gulf Oil Corp. Monroe County, N. Y.,* 1945, 59 N.Y.S. 2d 515; and *Rappa v. Pittson Stevedoring Corporation,* 48 F. Supp. 911, which involved the Workmen's Compensation Act of New York, and *Barbara v. Stephen Ransom, Inc.,* 191 Misc. 957, 79 N.Y.S. 2d 438, *Severn v. United States,* 69 F. Supp. 21, and *Green v.*

*War-shipping Administration,* 66 F. Supp. 393, which involved the Federal Longshoremen's and Harbor Workers' Compensation Act, the employer was obligated by an express contract to indemnify the third party for the damages which the third party was compelled to pay to the injured employee. In *Westchester Lighting Co. v. Westchester County Small Estates Corp.,* 278 N.Y. 175, 15 N.E. 2d 567, and *Burris v. American Chicle Co.,* 120 F. 2d 218, which involved the Workmen's Compensation Act of New York, and *American District Telegraph Co. v. Kittleson,* 179 F. 2d 946, which involved the Workmen's Compensation Act of Iowa, and *McFall v. Compagnie Maritime Belge,* 304 N.Y. 314, 107 N.E. 2d 463, and *Rich v. United States,* 177 F. 2d 688, which involved the Federal Longshoremen's and Harbor Workers' Act, the negligent employer was doing work for the third party. He was required to indemnify the third party for damages paid to an injured employee because he had breached his independent contractual duty to the third party to perform the work with due care. In *Baugh v. Rogers,* 24 Cal. 2d 200, 148 P. 2d 633, 152 A.L.R. 1043, which involved the Workmen's Compensation Act of California, and *Tabor v. Stewart,* 277 App. Div. 1075, 100 N.Y.S. 2d 697, and *Gorham v. Arons,* New York County, 1947, 76 N.Y.S. 2d 850, which involved the Workmen's Compensation Act of New York, the third party and the employer occupied a special legal relationship other than that arising out of their participation in the joint wrong to the injured employer, and the special legal relationship under local law imposed upon the employer the obligation to indemnify the third party. We deem it proper to make certain observations at this juncture. Our construction of the *Westchester Lighting Company case* is in substantial accord with those put upon it by the United States Court of Appeals for the Second Circuit in *American Mutual Liability Ins. Co. v. Matthews, supra,* and Professor Arthur Larson in section 76.43 of his illuminating treatise on the Law of Workmen's Compensation. Moreover, our interpretation of the *Kittleson case* harmonizes with that of the United States Court of Appeals for the Second Circuit in *Slattery v. Marra Bros., supra.*

The fifteen cases under present scrutiny are not really inconsistent with the general rule enunciated in *Slattery v. Marra Bros.* and the other decisions noted above that the Workmen's Compensation Acts and the Federal Longshoremen's and Harbor Workers' Compensation Act abrogate the common law right of the passively negligent third party to recover indemnity from the actively negligent employer for damages which the third party is compelled to pay to the injured employee on account of a compensable injury. They merely hold that the general rule is subject to exceptions, and that the exceptions come into play when, and only when, the third party has an independent right to call on the employer for indemnity because of some express contract between the third

party and the employer, or because the employer stands in some special legal relationship to the third party other than that arising out of their participation in the joint wrong to the employee.

It was expressly held in *Brown v. R. R.*, 202 N.C. 256, 162 S.E. 613, that the North Carolina Workmen's Compensation Act abrogates the statutory right of a negligent third party to recover contribution from a negligent employer in equal fault where the third party is compelled to pay damages to an injured employee on account of a compensable injury.

Counsel for the appellant assert that there is a fundamental distinction between the right of indemnity and the right of contribution; that the fundamental distinction between the two rights enables the right of indemnity to survive the workmen's compensation act, and causes the right of contribution to succumb to it; that we overlooked the fundamental distinction between the two rights when the *Lovette case* was before us; and that in consequence of our oversight we erroneously concluded that the *Brown case* supports the proposition that the North Carolina Workmen's Compensation Act also abrogates the common law right of the passively negligent third party to obtain indemnity from the actively negligent employer. They insist, moreover, that the *Lovette case* cannot be reconciled with the Workmen's Compensation Act.

Counsel for appellant explain their theories respecting the rights of contribution and indemnity and the incidence of the workmen's compensation act on them in this fashion:

1. The provisions of the North Carolina Workmen's Compensation Act incorporated in G.S. 97-9 and G.S. 97-10 do this and nothing more: They extinguish the right of the injured employee or anyone claiming through him to sue the employer for damages on account of an injury by accident in the employment.

2. The common law right of the passively negligent third party to recover indemnity from the actively negligent employer is based on an implied contract between the third party and the employer. Since it is independent of the right of the injured employee to sue the employer for damages, the right of indemnity is not affected in any way by the Workmen's Compensation Act.

3. The statutory right of the negligent third party to demand contribution from the negligent employer in equal fault is based on the subrogation of the third party to the right of the injured employee to sue the employer for damages. Since it is claimed by the third party through the injured employee, the right of contribution is abrogated by the Workmen's Compensation Act.

The *Brown case* affords no comfort to the appellant. It does not turn upon any supposed distinction between the statutory right to contribution and the common law right to indemnity. Its rationale can be applied just

as readily to defeat indemnity as to deny contribution. Counsel for the appellant interject the *Brown case* merely because they realize that it is a lion in their path, and that they must distinguish it from the case at bar if their client is to prevail.

We are unable to accept the arguments and theories of counsel for the appellant on the present phase of the appeal. When the jargon of the *quasi*-contract is laid aside, it is obvious that there is no fundamental distinction between the right of contribution and the right of indemnity. Neither right is based on any theory of subrogation to the rights of the injured person. *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269, 11 A.L.R. 2d 221; 18 C.J.S., Contribution, section 1; 42 C.J.S., Indemnity, section 3. Both rights rest on principles of equity and natural justice. *Moore v. Moore,* 11 N.C. 358, 15 Am. Dec. 523; *Allen v. Wood,* 38 N.C. 386; 18 C.J.S., Contribution, section 2; 42 C.J.S., Indemnity, section 20.

As we have seen, the judge-made right of the passively negligent joint tort-feasor to demand indemnity from the actively negligent joint tort-feasor is bottomed on the proposition that if the party secondarily liable on an obligation is compelled to pay the obligation, he is entitled to full reimbursement from the party primarily liable on the obligation. When it created the right of contribution between joint tort-feasors in equal fault by the statute now codified as G.S. 1-240, the General Assembly did not assign a reason for its action. It is safe to assume, however, that the General Assembly was moved to enact this legislation by the reason underlying the entire law of contribution, namely, that where one person has been compelled to pay money which others were equally bound to pay, each of the latter in good conscience should contribute the proportion which he ought to pay of the amount expended to discharge the common burden or obligation. *Azzolina v. Order of Sons of Italy,* 119 Conn. 681, 179 A. 201; *Harvey v. Oettinger,* 194 N.C. 483, 140 S.E. 86; *Lancaster v. Stanfield,* 191 N.C. 340, 132 S.E. 21.

The construction which the appellant puts on the relevant provisions of the North Carolina Workmen's Compensation Act is too narrow. It is, moreover, in irreconcilable conflict with numerous well considered decisions.

This Court has held without variableness or shadow of turning that the exclusive remedy clause of the North Carolina Workmen's Compensation Act, *i.e.,* G.S. 97-10, relieves the employer of liability to his employee as a tort-feasor under the law of negligence for an injury by accident in the employment, and imposes upon him in its stead an absolute liability irrespective of negligence to pay compensation to his employee for any injury by accident arising out of and in the course of the employment. *Tscheiller v. Weaving Co.,* 214 N.C. 449, 199 S.E. 623; *Lee v.*

*American Enka Corp.,* 212 N.C. 455, 193 S.E. 809; *Bright v. Motor Lines,* 212 N.C. 384, 193 S.E. 391; *Slade v. Hosiery Mills,* 209 N.C. 823, 184 S.E. 844; *Johnson v. Hughes,* 207 N.C. 544, 177 S.E. 632; *McNeely v. Asbestos Co.,* 206 N.C. 568, 174 S.E. 509; *Pilley v. Cotton Mills,* 201 N.C. 426, 160 S.E. 479; *Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266.

Since it relieves the employer of liability to his injured employee as a tort-feasor, the North Carolina Workmen's Compensation Act abrogates both the statutory right of a negligent third party to claim contribution from a negligent employer in equal fault, and the common law right of a passively negligent third party to demand indemnity from an actively negligent employer. This is necessarily so for the very simple reason that one party cannot invoke either of these rights against another party unless both of them are liable to the same person as joint tort-feasors. The validity of this consideration is made crystal clear by *Justice George W. Connor* in the *Brown case* and *Chief Judge Learned Hand* in *Slattery v. Marra Bros., supra.*

When all is said, we cannot adjudge that an actively negligent employer is primarily liable for damages paid to an injured employee by a passively negligent third party in the face of a positive legislative declaration that the employer is not liable for such damages at all.

The conclusion that the North Carolina Workmen's Compensation Act abrogates the statutory right of a negligent third party to claim contribution from a negligent employer in equal fault, and the common law right of a passively negligent third party to demand indemnity from an actively negligent employer is also supported by the exclusive liability clause of G.S. 97-9, which provides that an employer who accepts the provisions of the Act and secures the payment of compensation to his employees according to its terms "shall only be liable to any employee who elects to come under" the Act "for personal injury or death by accident to the extent and in the manner . . . specified" in the Act. This clause manifests the legislative intent that the liability of the employer is to be limited to the compensation payable by him on account of the injury or death of his employee. To say that this legislative intent is to be set at naught and that the injured employee or his personal representative is to receive additional money through a negligence action from the employer merely because the additional money passes through the hands of a third party in the guise of contribution or indemnity is to lose the substance of law by grasping at its shadow. This declaration of the Court of Appeals of Ohio is as applicable to G.S. 97-9 as it is to the Workmen's Compensation Act of Ohio: "For the obligations thus imposed upon the employer under the Workmen's Compensation Act the employer is relieved of any liability at common law because of such injuries, death or occupational

diseases that befall his employees while acting in the course and scope of their employment, and it makes no difference whether the claim is presented by the employee or one who claims the right of retribution because of damages which he has been compelled to pay such employee." .

What has been said demonstrates the soundness of the views expressed in the *Lovette case,* and the propriety of the order striking portions of the appellant's answer. The ruling on the motion to vacate the order making additional parties finds support in the *Lovette case* and *Clark v. Bonsal,* 157 N.C. 270, 72 S.E. 954, 48 L.R.A. (N.S.) 191.

Affirmed.