Barbara Katherine (Rogers) JOHNSON, Administratrix of the Estate of Julius Franklin Rogers, Jr., Deceased, Plaintiff,

v.

The UNITED STATES of America, Defendant and Third-Party Plaintiff, H. G. BRYANT ELECTRIC CORP., Third-Party Defendant.

Civ. No. 594.

United States District Court
E. D. North Carolina,
Wilmington Division.

Aug. 23, 1955.

Oliver Carter, W. K. Rhodes, Jr., Poisson, Campbell & Marshall, Wilmington, N. C., for plaintiff.

Irvin B. Tucker, Jr., Asst. U. S. Atty., Raleigh, N. C., for defendant and third-party plaintiff.

F. T. Dupree, Jr., Raleigh, N. C., for third-party defendant.

GILLIAM, District Judge.

The plaintiff has sued the United States for wrongful death under the Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, alleging negligence of its agents and the United States has filed a third-party complaint against H. G. Bryant Electric Corporation, alleging, among other things, that (1) if its negligence was a proximate cause of the death, the negligence of the third-party defendant also contributed to such death, and, therefore, is jointly liable with the Unit-

ed States; and (2) that the third-party defendant is bound by contract to indemnify it for any and "all damages to persons or property that occur as a result of his (third-party defendant) fault or negligence in connection with the prosecution of the work."

It is alleged and not denied that plaintiff's intestate was an employee of third-party defendant and that his estate has received the maximum amount allowable under the North Carolina Workmen's Compensation Act, G.S.N.Car. § 97–1 et seq., to-wit, $8,000.

The third-party defendant has moved for dismissal of the third-party complaint, contending, first, that the provisions of the North Carolina Workmen's Compensation Act precludes the recovery by the third-party plaintiff against the third-party defendant for contribution or otherwise, since, under the Act, the employer is only "liable to any employee * * * to the extent and in the manner herein specified" G.S.N.Car. § 97–9; and, secondly, that the alleged contract, indemnifying third-party plaintiff against damage arising from the negligence of third-party defendant, constitutes no basis for the third-party action, reasoning as follows: If plaintiff prevails against third-party plaintiff, it must be upon the ground of negligence of such third-party plaintiff, as to which the indemnifying contract affords no protection; while, if plaintiff recovers nothing of third-party plaintiff, there would be no cause of action over against third-party defendant.

■ The North Carolina cases, in line with cases in other states, hold that the provisions of the North Carolina Workmen's Compensation Act grants to the employer complete relief from any and all other liability to his employee at common law or otherwise and abrogates all liability of the employer to the employee as a tort feasor under the law of negligence. Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886. In this case, it is stated 236 N.C. at page 670, 73 S.E.2d at page 892: "In consequence, the third party, who is sued for damages for negligently inflicting a compensable injury upon the employee, cannot hold the employer liable for contribution * * * or for indemnity under the doctrine of primary and secondary liability even where the injury is the result of the joint or concurrent negligence of the employer and the third person. * * * This is necessarily so for the very simple reason that one party cannot invoke either the statutory right of contribution or the doctrine of primary and secondary liability against another party in a tort action unless both parties are liable to the plaintiff in such action as joint tort feasors. Even apart from these sound considerations, any notion that the third party, who is sued for damages for negligently inflicting a compensable injury upon the employee, can require the employer to pay a part of such damages by way of contribution under G.S. 1–240 or all of them by way of indemnity under the doctrine of primary and secondary liability is absolutely incompatible with the plain provision of G.S. 97–10, relieving the employer from all liability to the employee on account of the injury except that of paying compensation to him in accordance with the provisions of the Workmen's Compensation Act."

With the above general statement of the rule governing the liability of an employer where a third party is sued for a compensable injury to his employee, the Government, as I understand it, is in agreement. In any event, it seems to be clearly supported by several North Carolina cases.

It is insisted, however, that the general rule as set forth in the Lovette case does not apply here because of the contract by which the employer agreed to indemnify the Government against "damages to persons or property that occur as a result of his fault or negligence"; and the Government asserts that the case of Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 75 S.E.2d 768, recognizes this exception to the general rule announced in the Lovette case. In the Hunsucker case the Court was asked to overrule the Lovette case but re-

fused, differentiating the Hunsucker and Lovette cases from the cases relied upon by the third party.

In the Hunsucker case, 237 N.C. at page 566, 75 S.E.2d at page 773, Justice Ervin wrote: "Much confusion is avoided if constant heed is paid to the significant and simple circumstance that the employer * * * had no contract with the appellant (third party), or any other legal relation with it except that of joint tort feasor." The opinion in the Hunsucker case, 237 N.C. at page 567, 75 S.E. 2d at page 774, goes on to say: "They (cases cited by the third party) are clearly distinguishable, however, from the controversy between the appellant and the employer in the case at bar in that in each of them the negligent employer had an express contract with the third party or bore some special legal relationship to him other than that arising out of participation in the joint wrong to the injured employer." Such is the situation before me because there was an express contract of indemnity against loss to defendant arising from the negligence of the employer. Numerous authorities are cited in the Hunsucker case supporting the right of the third party in such a case to bring in the employer for contribution or indemnity.

The second argument for the third-party defendant, as I reason, will not hold up. It is true, as contended, that under the allegations of the complaint if plaintiff prevails it must be upon a finding of negligence of the defendant, as to which the contract affords no protection, while, if plaintiff fails to recover, there, of course, would be no basis for action over against the third-party defendant. But the defendant's side of the controversy must have consideration and that is that if it was negligent so was the third-party defendant. And it desires to have that question determined in the present action, so that it may have relief, not upon the statutory right of contribution or the common law right of indemnity, but upon the express contract. To this, I think it is entitled.

The defendant may present order.