HARTFORD FIRE INSURANCE COMPANY et al., Appellants, v. ANDREW W. MELLON, Appellee.

JUNE 26, 1928.

*Nathan H. Chase, Harvey O. Sargeant, Hicks & Folonie,* and *Thoma & Thoma,* for appellants.

*W. D. Eaton, J. C. Pryor, McNett & McNett,* and *Starr & Jordan,* for appellee.

EVANS, J.—I. The case was before us on a former appeal. *Eclipse Lbr. Co. v. Davis,* 196 Iowa 1349. The case was originally brought by the Eclipse Lumber Company, as the owner of the lumberyard which was destroyed by the fire above referred to. The above-named plaintiffs are insurers, who, pursuant to their policies, paid the fire loss suffered by the Eclipse Lumber Company, and have become subrogated thereby to the rights of the original plaintiff. The action was originally brought on April 11, 1920, against James C. Davis, as director general of railroads of the United States, and is now nominally prosecuted against Andrew W. Mellon, agent of the president of the United States. The real party in interest, defending, is the Chicago, Burlington & Quincy Railroad Company. We quote from our former opinion the following, as a brief outline of the case:

"It will be observed that North Fourth Street extends north and south in the city of Fairfield, and that it is crossed at nearly right angles by six tracks belonging to the railroad company. The lumberyard of the Eclipse Lumber Company was located on the east side of North Fourth Street, north of the railroad tracks, and between the right of way and West Lowe Street. South Depot Street is parallel with the right of way, and on the south side thereof. The location of the fire station is not shown on the plat, but it appears from the evidence that it was located in a southerly direction from South Depot Street, and six blocks distant therefrom. It is appellees' contention that the fire truck was proceeding northward on North Fourth Street to the fire,

184

when its passage was blocked by one of the cars of the railroad company that was on the track across said street, and that because of such obstruction the fire truck was compelled to detour east on South Depot Street to North Third Street, and thence north two blocks on North Third Street to West Kirkwood Street, and thence south on North Fourth Street to the place of the fire.''

Other details of the record are recited in such former opinion, and we have no occasion to repeat them here. Reference may be had to such former opinion for a full understanding of the facts in the case and the points of controversy between the parties.

On the first trial in the district court, a verdict and judgment were rendered for the plaintiffs. The former appeal was from such judgment. On such former appeal, we held that the proof of proximate cause was too remote and speculative to sustain the verdict, and we remanded the case for a new trial. On the second trial, the district court held that the evidence was substantially the same as was contained in the former record on appeal, and that our holding on the former appeal was such as to require a directed verdict now.

The appellants contend that they introduced sufficient additional evidence to obviate the grounds of decision upon the former appeal. This is the main question presented to us. The only substantial changes in the evidence pointed out to us by appellants are that their expert-opinion evidence was put in hypothetical form, and that the witness Robertson testified to a conversation had with the supposed brakeman attending the obstructing train, which tended to show knowledge or willfulness on the part of those who were in control of the train. This evidence would bear on the question of negligence. We think the appellants gained nothing by the change in the mere form of their expert testimony. The trouble at this point was, and is, that the purported expert opinion was itself the merest conjecture. It was not predicated upon any basis of scientific knowledge, nor upon any basis of general experience. These defects inhere in the very nature of the case presented to us, and are for that reason quite irremediable. We need not discuss again the reasons which brought us to the conclusion an-

nounced in our former opinion. Appellants' argument is still predicated in part upon the contention that our opinion was itself erroneous. To that extent the appellants' argument is not helpful. Such former opinion has become the law of the case, and it is as binding upon us as it is upon the litigants. It leaves little to be said by us now upon this feature of the case. We deem it clear that the present record does not obviate the grounds of our holding in such opinion.

II. The additional evidence of the witness Robertson set forth in the appellants' brief is as follows:

"A. Well, I asked him what in hell he had— what in hell his idea was, having the crossing blocked there,—words to that effect, or something in that order; and he answered back that he got tired of fooling around or waiting on them, and that they would do up their work and get out of here. I didn't remain talking to that brakeman for any great length of time, and then I went back in front of the office building, and took another look, to observe the extent of the fire. At that time it had gained some,—I should judge it was about four by six feet, still confined to the ceiling, and had not started down the side walls."

This bears on the question of negligence in the obstruction of the street. Unless this evidence is sufficient to establish negligence in the obstruction of the street, then we find no evidence of such negligence in the record. The reliance of appellants in argument at this point is that they have shown a violation of a city ordinance, and that such violation was negligence *per se*. The ordinance in question is Section 18 of Ordinance No. 123, as follows:

"Section 18. The fire department of this city shall have full right of way on all streets, avenues or alleys thereof in responding to a fire alarm, or at a fire over any dray, wagon, automobile, car, locomotive, train of cars, or any other vehicle or conveyance of any kind whatsoever, and any person who shall willfully hinder or interfere with any city officer or fireman in the performance of their duty at, or going to, or returning from any fire, or while attending to their duties as members of the fire department, or shall willfully or negligently or carelessly drive or run any dray, wagon, automobile, car, locomotive, train of cars, or any other vehicle or conveyance across, along,

over or upon any hose or shall willfully cut, deface, destroy, or injure any fire apparatus owned or hired by the city, any wires, poles, signal boxes or any other property or fixtures belonging to or connected with the fire department or the fire alarm system or shall willfully give or make or cause to be given or made any false alarm of fire, or ring or cause to be rung any fire bell or gong by which a false alarm may be given, upon conviction thereof, shall be fined not less than one dollar nor more than one hundred dollars and all costs, or imprisoned in the county jail not more than thirty days, and shall be liable for all damages done any such property.''

It will be noticed that this section gives to the fire department the right of way over the streets, and provides punishment of any person ''who shall willfully hinder or interfere with any * * * fireman in the performance of their duty * * * as members of the fire department, or shall willfully or negligently * * * drive or run any * * * car * * * or any other vehicle * * * across, along, over or upon any hose or shall willfully cut * * * '' The violation of this ordinance charged against the Railroad Company by the appellants is that it willfully interfered with the firemen in the performance of their duty. There is no evidence of willfulness, nor any evidence of negligence, unless the mere fact of hindrance constitutes such negligence. The Railroad Company had the undoubted right to use its railway in the ordinary course of business until it should come to its notice in some way that it was interfering or was about to interfere with the operations of the fire department. At the time in question, there was a train upon its track. One of its cars occupied a part of this street. The evidence does not disclose how long the obstruction existed, nor does it disclose any knowledge on the part of the men in charge of the train that the fire truck was approaching the crossing. Manifestly, some notice and some appreciable time would be requisite to enable those in charge of the movement of the train to adapt themselves to the approach of the fire truck and to clear the street crossing for that purpose. The record herein discloses nothing of that kind. Full credence being given to the testimony of Robertson, even though he had not remembered the event on a former trial four years previously, it discloses only a conversation after the event. It was not

a part of the event. It was in the nature of mere admission, and this by one who was not in control of the train. No one had warned or notified those in charge of the train. Even the fire truck did not make itself apparent to them, but immediately turned east on Depot Street for a distance of a block. There was nothing that the train control could do thereafter that would facilitate the use of the crossing by the fire truck. It cannot be said, therefore, upon this record, that there was any breach of the ordinance by the trainmen. If this be correct, the very ground upon which appellants' argument predicates negligence wholly fails.

It is our opinion, therefore, that the district court properly directed a verdict.—*Affirmed.*

All the justices concur.