CHARLES LUEDEKE, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED JULY 9, 1930. No. 27295.

*Wymer Dressler, R. D. Neely* and *H. J. Lutz,* for appellant.

*Cowan & Grady* and *Fay H. Pollock, contra.*

Heard before ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This action was brought to recover damages which the plaintiff claims resulted by reason of the negligence of the defendant in obstructing certain streets with a freight train and delaying the fire department in reaching the

plaintiff's property which was burning. The defendant appeals to this court from a judgment in favor of the plaintiff.

The defendant sets up as an affirmative defense that the plaintiff, by written agreement, had assumed all risk of loss by fire to the property destroyed; that he had released the defendant from all such claims and had agreed to indemnify it for any loss. This fire was not started by the operation of defendant's train. It was started by an explosion in the building which was burned, located 150 feet distant from the spur track and not on the right of way. The fire occurred about noon, September 13, 1924, and completely destroyed the building used in connection with a gasoline plant at Stanton, Nebraska.

The written agreement under which the defendant claims freedom from liability is one granting plaintiff the right to construct upon the right of way an unloading device to unload and convey by pipe line gasoline from the cars to the gasoline plant. The provision of this agreement under which exemption is claimed is this:

"The licensee assumes and agrees to pay for all loss or damage to property, and injury to or death of persons, including costs and expenses incident thereto, caused by the construction, installation, maintenance, presence or use of said pipe or pipes or said unloading device, or by reason of any failure to lock, maintain or remove the movable connections as hereinbefore provided or by their presence or use upon the property of the railway company, or by failure of the licensee or the officers, agents or employees of the licensee to abide by or comply with any of the conditions of this license; and the licensee further assumes all loss and damage to said pipe or pipes or unloading device resulting from any act or default of the railway company, its officers, agents, servants or employees, or from the operation of said railroad, whether negligent or otherwise, together with the cost of all repairs and renewals to said pipe or pipes and unloading device; and the said licensee hereby forever indemnifies the railway company against and agrees

to save it harmless from all liability for any such loss, damage, injury, death, costs and expenses."

At the outset, it is necessary for us to determine whether the defendant is exempt from liability by the terms of this agreement. Similar questions have been frequently presented to the courts. The great weight of authority sustains the proposition that a railroad company, being under no legal obligation to grant to any one the privilege of constructing and operating a building or equipment upon its right of way, may grant the privilege by contract exempting it from damage resulting from its negligence associated with such construction and operation. *James Quirk Milling Co. v. Minneapolis & St. L. R. Co.*, 98 Minn. 22; *Checkley v. Illinois C. R. Co.*, 257 Ill. 491, 44 L. R. A. n. s. 1127. The right of way is the property of a railroad and the use of such property is within its control, except in a way incidental to its function as a common carrier in which the public has an interest. *Missouri P. R. Co. v. Nebraska*, 217 U. S. 196; *Chicago, B. & Q. R. Co. v. State*, 50 Neb. 399. In most of the cases cited, the property was located upon leased premises and the fire was started by the operation of the trains of the company. In this case, the property was not located on the leased premises, and the fire was not started by the defendant. We have not discovered any case directly in point and none has been cited by counsel. The plaintiff's cause of action is based upon the negligence of the defendant, in that it negligently blocked a crossing and thereby delayed the fire department from reaching plaintiff's burning building, which delay resulted in damage to the plaintiff. Does the contract between the parties, heretofore quoted, free the defendant from liability in this case? It has been held, where a spur was constructed under such a contract exempting the company from liability on account of its use, that the company was liable for damages resulting from negligence in running a train through an open switch into cars of gasoline and setting fire to them. The court distinguished this case from others in that the damage did not arise from the operation of the side-track for the benefit of the gasoline company, but was

caused by the negligence of the engineer in running the train through an open switch. *Standard Oil Co. v. Payne,* 220 Mich. 663. It seems the principle announced therein is applicable to the instant case. The damage in this case was not caused by the use of the unloading device. The negligence alleged by plaintiff had no connection with the "installation, maintenance, presence or use of said pipe or pipes or said unloading device." True, the defendant contends that the fire occurred in the operation and use of the device, but the action is not brought to recover damage as a result of the fire, but only for the damage resulting from the fire due to the negligence of the defendant in delaying the arrival of the fire department by blocking the crossing with a train for an unreasonable time. *Standard Oil Co. v. Payne, supra,* is not in conflict with the general authority, it merely considers the application and construction of the provisions of the contract to the circumstances of the case, and holds that the contract did not, under the facts, free the defendant from liability. Where a contract, as in this case, is against a common-law liability, it should be strictly construed and not given an enforcement beyond that required by such construction. 13 C. J. 521. The parties in this case did not contemplate an exemption of liability for negligence not associated with the occupancy of the leased premises. A provision in a lease permitting the installation of an unloading device upon a railroad right of way, which exempts the railroad from liability for damages resulting from the installation, maintenance, presence or use of such device, does not free the railroad from liability in a suit to recover damages directly resulting from the negligence of the company in unreasonably blocking a crossing, thereby delaying the fire department on its way to a fire.

Since the contract in this case does not free the railroad from liability for the alleged negligence, let us consider the rights and duties of the railroad in such a case. In this state a railroad company may properly leave its cars standing on a highway crossing for short periods when necessary for the reasonable conduct of its business. But to

leave such cars in or upon the highway longer than necessary for such purpose is negligence. *Chicago, B. & Q. R. Co. v. Roberts,* 3 Neb. (Unof.) 425. In order to hold the company responsible, it must appear that the negligence in blocking the crossing was the proximate cause of the damage. *Omaha & R. V. R. Co. v. Talbot,* 48 Neb. 627. Trainmen in charge of trains and the public have taken widely divergent views as to the length of time a crossing may reasonably be blocked, and have frequently been notoriously and wantonly indifferent to the right of the public to use such crossings. The record in this case discloses a contemptuous disregard for the rights of the public to use this crossing under circumstances of the most urgent necessity. An uncontrolled and hostile fire was burning a building. Such a fire was a menace to other property and yet the crew in charge of this train, if the plaintiff's evidence is true, took an unreasonable time to pull their train away from the crossing. Such conduct as this has resulted in legislative enactments, under the police power, limiting the time a crossing might be blocked. Stanton had such an ordinance which limited the time to five minutes which a train might block a street crossing. This ordinance was introduced in evidence. We have repeatedly held that the violation of such an ordinance is to be considered by the jury as evidence of negligence.

But, aside from a violation of the ordinance, the question of negligence is to be determined from the circumstances of the case. In this case, the train was standing on the crossing, cut to permit traffic upon the street. The train crew knew about the fire. A chemical truck, which was useless at this fire, crossed the track, whereupon the crew closed the gap and stopped the hose truck, which was following it. This truck was delayed from 5 to 22 minutes, according to various witnesses. In *Hanlon Drydock & Shipbuilding Co. v. Southern P. Co.,* 92 Cal. App. 230, it is said: "There is ample authority for the rule that the unexplained blockading of a street crossing by a railroad train is negligence on the part of the railroad company. *Southern R. Co. v. Floyd,* 99 Miss. 519; *Central of Georgia R. Co. v.*

*Chambers,* 183 Ala. 155; *Chicago, B. & Q. R. Co. v. Roberts,* 3 Neb. (Unof.) 425; *Matoza v. Southern P. Co.,* 59 Cal. App. 636, 640; *Houren v. Chicago, M. & St. P. R. Co.,* 236 Ill. 620, 20 L. R. A. n. s. 1110, 127 Am. St. Rep. 309." The defendant attempts to explain the blocking of the crossing by the fact that the crew thought the train was in danger from the fire and, pursuant to the orders of the dispatcher, were moving it away from the fire to save it. Even conceding this point, which seems to be sound and finds support in the books, it would still remain a question of fact as to whether the action of the train crew was reasonable under the circumstances. In this case, the testimony of the plaintiff's witness was that it required from 5 to 17 minutes to pull this train over the crossing after it was closed. The jury believed the plaintiff's witnesses and found that the company did not act reasonably in this particular. The evidence upon this point is in conflict, and the rule is that this court will not interfere with the finding of a jury based upon such evidence. A railroad is liable for the damage directly resulting from its negligence in blocking a street crossing with a train for an unreasonable length of time, with knowledge of a nearby fire and the approach of a fire truck and desire of firemen to cross its tracks; and to justify its effort to protect the train from fire it must proceed without unreasonable delay.

Finally, the most serious question presented by this record is whether the plaintiff proved damages directly caused by the negligence of the defendant. Objection was made to the testimony of a volunteer fireman, in which he stated in his opinion what part of plaintiff's property could have been saved, if the hose truck had not been delayed. The fire in this case seems to have been started by an explosion of dry gas. After the explosion, the fire in the building is not shown by the evidence to have been a gasoline fire. The defendant relies upon *Eclipse Lumber Co. v. Davis,* 196 Ia. 1349, and *Hartford Fire Ins. Co. v. Mellon,* 206 Ia. 182. In these cases the court held that the delay caused by the train blocking the crossing was not established as the proximate cause of the damage. As stated in these cases, the

question of proximate cause is well settled, but the difficulty lies in applying the rule to the facts in a given case. In these cases, the hose was not usable when the truck arrived at the fire and it had to return to the barn to get more hose. Obviously the delay caused by the railroad company was not the proximate cause of the damage. We are not in a position to question the rules announced therein, but a similar application to this case is untenable. The fire in this case is minutely described by many witnesses, including the firemen, who were there shortly after its inception. A volunteer fireman, who has had years of experience with fires, is competent to testify as to the result and effect upon said fire of the use of the fire apparatus. This is more especially true, since at the time the testimony was given the fireman had the experience of this very fire. The weight of the testimony is of course for the jury. There is some conflict in the testimony as to the physical appearance of the fire, but it fairly appears that, at the time the chemical truck, which was useless, appeared, it was inside of one portion of the building; that, when the fire was extinguished in the building by total consumption, the gasoline fire at the tanks was easily extinguished by stopping the flow of gas. Without quoting portions of the testimony, suffice it to say that we have examined the entire record in this case, and find the evidence sufficient to sustain the finding of the jury as to the amount of the damage caused by the negligence of the railroad company in blocking the crossing.

We have examined the record and, in addition to the reasons heretofore stated, we find no prejudicial error. The judgment of the district court is

AFFIRMED.