**FIREMEN'S INS. CO., OF NEWARK**
**N. J., et al.**
**v.**
**CHICAGO, ST. P., M. & O. RY. CO. et al.**
**Civ. No. 51–52.**

United States District Court
D. Nebraska, Omaha Division.

Nov. 20, 1953.

Pilcher & Haney, Robert W. Haney and Keith Howard, all of Omaha, Neb., for plaintiffs.

R. D. Neely and H. B. Otis, Omaha, Neb., for defendant Chicago, St. P., M. & O. Ry. Co.

Raymond M. Crossman, Jr., Omaha, Neb., for defendant Automatic Equipment Mfg. Co.

DONOHOE, Chief Judge.

The defendant, Automatic Equipment Manufacturing Company, erected a building upon a railroad right of way which it leased from the defendant, Chicago, St. Paul, Minneapolis and Omaha Railway Company. This building was covered by fire insurance policies issued by the plaintiff Insurance Companies to the defendant Manufacturing Company. On June 1, 1950, the building was partially destroyed by fire and the reasonable value of the damage amounted to $11,431.37. The Insurance Companies, having paid that sum to the Manufacturing Company, brought this action, as subrogees of the Manufacturing Company, to recover damages resulting from the Railroad Company's negligence in starting the fire.

The case was tried to a jury which had submitted to it only two issues: 1) Was the defendant Railroad Company negligent? and 2) Was the defendant Railroad Company's negligence the proximate cause of the fire? The jury found in favor of the plaintiff and against the defendant Railroad Company on both issues and the Insurance Companies are now entitled to judgment in the sum of $11,431.37, unless the lease between the Railroad Company and the Manufacturing Company, in whose shoes the Insurance Companies stand as subrogees, precludes recovery. This matter has been properly preserved by the defendant Railroad Company and is presently urged in connection with an alternative motion for either judgment notwithstanding the verdict or for a new trial.

The lease executed in August of 1949, between the Railroad Company, as lessor, and the Manufacturing Company, as lessee, among other things, provides:

"Fourth. It is understood and agreed that the movement of railroad locomotives involves some risk of fire and the Lessee assumes all responsibility for and agrees to release and indemnify the Lessor from and against loss or damage to any and all property located upon or used in connection with the leased premises, regardless of the Lessor's negligence, arising from fire caused by locomotives operated by the lessor, except to the property of the Lessor and to rolling stock belonging to the Lessor or to others, and to shipments in the course of transportation.

\* \* \* \* \* \*

"The Lessee hereby further agrees that if in any case the release and indemnity provided in this 'Fourth' Section shall not be valid, the Lessor shall in such case have the full benefit of any insurance effected by the Lessee upon the property injured, destroyed or damaged and/or against the hazard involved; and the Lessee agrees that any and all such insurance shall be so written that the insurer shall have no claim or recourse of any kind whatsoever against the Lessor in connection therewith. The Lessee also assumes responsibility for and agrees to release and indemnify the Lessor from and against loss or damage to the Lessee's person or property upon the demised premises caused by the operation of the Lessor's railroad."

■ 1) The first paragraph above relates to fires caused by *locomotives*. The

fire in this case was caused by a weed burner (See Exhibits 3, 4, 5 and 6) which is essentially different from a locomotive and not within the concept of the term "locomotive" as that term is used in the lease and as it was contemplated by the parties in entering into, and executing, the lease.

 2) The first sentence of the second paragraph quoted above provides that "*if* the release and indemnity provided in this fourth section *shall not be valid*, the Lessor" shall have the benefit of the lessee's insurance and the insurance shall be written so that the insurer shall have no recourse against the lessor. Since the release and indemnity provisions of the Fourth section are not invalid under the law of Nebraska, Cf. Luedeke v. Chicago & N. W. R. Co., 120 Neb. 124, 231 N.W. 695, 71 A.L.R. 912, the first sentence of the second quoted paragraph has little significance in this jurisdiction and has no application to the present case. Consequently it does not preclude recovery.

 3) More serious difficulty is encountered in construing the last sentence quoted above: "The lessee also assumes responsibility for and agrees to release and indemnify the lessor from and against loss or damage to the lessee's person or property upon the demised premises caused by the operation of the lessor's railroad." In construing these, as well as all other terms of the contract, the court has followed as nearly as possible the rules of construction, and instructive guidance, of the Supreme Court of Nebraska in so far as such could be derived from the court's opinions construing contractual provisions similar to the ones now being considered. See Luedeke v. Chicago & N. W. R. Co., 120 Neb. 124, 231 N.W. 695, 71 A.L.R. 912; O–N–L Mills, Inc. v. Union Pac. R. Co., 151 Neb. 692, 39 N.W.2d 501. These cases, though extremely helpful in a general way, do not deal directly with the question: "What constitutes the operation of a railroad?" Consequently, this court has examined the authorities in other jurisdictions to aid in the determination of how the Nebraska Courts, following the common law, would decide the precise issue. Almost the identical problem presented in this case was presented in United States Fire Insurance Co. v. Northern Pac. Ry. Co., 30 Wash.2d 722, 193 P.2d 868, 2 A.L.R.2d 1065. The court was called upon to decide whether a fire caused by a weed burner was caused by "the operation of a railway". Justice Schwellenbach, in an opinion which contains an exhaustive analysis of cases from the various American jurisdictions on the point, reached the conclusion that it was. The reasoning of this opinion, and an examination of all other available authorities on the issue, read in the light of the two Nebraska cases cited above, convinces this court that Nebraska courts would conclude that the fire was caused by "the operation of the railroad" and that the lease precludes recovery.

Counsel for the defendant Railroad Company shall prepare and submit for approval the appropriate judgment to be entered in accordance with this memorandum.