Helen M. COX, Administratrix of the Estate of Arthur Norman Cox, Jr., Deceased, Plaintiff,

v.

E. I. DU PONT de NEMOURS AND COMPANY, Defendant and Third-Party Plaintiff,

v.

ARMSTRONG CONTRACTING AND SUPPLY CORPORATION and Aetna Casualty and Surety Corporation, Third-Party Defendants.

Civ. A. No. 4744.

United States District Court
W. D. South Carolina,
Greenville Division.

Aug. 12, 1965.

**48**

See also 38 F.R.D. 396.

Wesley M. Walker, Fletcher C. Mann, and J. Brantley Phillips, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff Helen M. Cox.

J. Bruce Foster, of Odom, Nolen & Foster, Spartanburg, S. C., and Harry DuMont, of Uzzell & DuMont, Asheville, N. C., for defendant E. I. Du Pont de Nemours and Company.

W. H. Arnold, John G. Cheros, and William M. Hagood, III, of Love, Thornton, Arnold & Thomason, Greenville, S. C., for defendants Armstrong Contracting and Supply Corporation and Aetna Casualty and Surety Corporation.

HEMPHILL, District Judge.

Motion by third party defendants Armstrong Contracting and Supply Corporation (called hereinafter Armstrong) and Aetna Casualty and Surety Corporation (Aetna), not parties to original action [1], to dismiss them as third-party defendants, invites decision of this forum. Other motions, not joined in by movants here except motion as to venue [2] have previously received attention of, and decision by, this Court.

As originally instituted, this action sought relief, in the form of damage awards, for plaintiff of defendant, in two

---

[1]. Original action by plaintiff, instituted July 23, 1964, complained against defendant Dupont; Amended Complaint, dated March 19, 1965 named Dupont as sole defendant. By Order dated April 24, 1965 Honorable J. Robert Martin, Jr., Chief Judge, United States District Courts, W.D.S.C., made movants parties

defendant on the same day, by similar order. Blaw-Knox Company and Travelers Insurance Company (since relieved by this Court's Order of August 9, 1965) were made party defendants.

[2]. Decided at Rock Hill, South Carolina, June 21, 1965.

causes of action, wrongful death and surviving personal injury, pain and suffering, caused by the alleged negligence of defendant Dupont. The pleadings agree that plaintiff's intestate, at the time of his death on August 24, 1963 was performing duties of his employment by Armstrong. Armstrong had contracted with Dupont to "furnish under the coordination, scheduling, and inspection of Dupont the labor, materials, supervision and other items as Dupont may request for the thermal insulation work at Dupont's Brevard, North Carolina, site under project 9232 * * *." [3] This directive recited:

> Particular reference is made to Article 16 of the General Conditions as safety is of the essence of this order. Work shall be started and completed in accordance with schedules furnished by Dupont.

Intestate having been killed while in the course of his employment with Armstrong, workmen's compensation benefits were paid to beneficiaries under the North Carolina Act.

After the fiduciary had entered suit, Dupont filed a third party complaint against Armstrong and Aetna, alleging that negligent acts of Armstrong's employees were the sole proximate cause, or one of the proximate causes, of the fatality, in this language:

> For the benefit of the defendant and third-party plaintiff, Armstrong Contracting and Supply Corporation contracted with Aetna Casualty and Surety Corporation to insure the liability of Armstrong Contracting and Supply Corporation to the Defendant and third-party plaintiff under the provisions of said contract, by policy or policies of insurance under the terms of which Aetna is obligated to defend this action against the defendant and third-party plaintiff by the plaintiff, and to indemnify and save the defendant and third-party plaintiff harmless from any sum recovered against it in this action; that although the defendant and third-party plaintiff has notified the third-party defendants of this action, and have demanded that they take over and conduct the defense in said action and indemnify the defendant and third-party plaintiff against any sum that may be recovered in said action, as provided for in the aforesaid indemnity agreement, the third-party defendants have failed and refused to do so.

That among the negligent acts and omissions of the said third party defendant, Armstrong Contracting and Supply Corporation, on the occasion complained of which was the sole proximate cause or one of the proximate causes of the damages, if any, which the plaintiff may have sustained were the following:

(a) Negligently failing to examine and inspect the machine upon which the plaintiff's intestate was directed to work;

(b) Negligently failing to determine the status and condition of said machine before directing the plaintiff's intestate to work thereon;

(c) Negligently failing to properly supervise, direct and control the plaintiff's intestate in his employment;

(d) Negligently directing and permitting the plaintiff's intestate to perform his duties under conditions which were obvious or readily ascertainable;

(e) Negligently failing to direct the plaintiff's intestate in the proper procedure of working in or about the machine;

(f) Negligently failing to instruct and direct the plaintiff's intestate

---

3. Written directive of February 9, 1962 addressed to Armstrong at Wilmington, Delaware, from Dupont at Wilmington. (Part of original file in Clerk's Office.)

in the proper safety procedures to be employed by plaintiff's intestate pursuant to its written contract with the defendant;

(g) Negligently directing plaintiff's intestate to work in or about a machine which it knew or should have known was in the process of being installed;

(h) Negligently failing to supervise, direct and control the plaintiff's intestate in connection with the safety procedures of the defendant, and which it agreed to follow pursuant to the terms of its written agreement;

(i) Negligently failing to advise the defendant of the work which it had directed the plaintiff's intestate to do, and to coordinate said work with other activities about the machine.

There is no question of Dupont's original right to implead under the rules of procedure.[4] In addition to this right, Dupont, has prior leave and authority of this Court.[5] This Court, recognizing the rule and the authority, now examines the whole spectrum of pleading and issue to determine whether, once all parties have been brought before the Court, other permissions of the rules properly require Court action.[6] "There is some confusion as to whether a defendant may implead a third party liable over to him for plaintiff's claim when the plaintiff is under some disability which would bar him from suing the third party directly." [7] Admittedly, the issue(s) in this controversy is *negligence*. Compensation has been paid. Under North Carolina interpretation of the impact of its Workmen's Compensation Act on such an issue in (covered) employee accident cases this Court finds:

In construing the word "accident" as used in the Compensation Act, we must remember that we are not administering the law of negligence. Under that law an employee can recover damages only when the injury is attributable to the employer's want of due care; but the act under consideration contains elements of a mutual concession between the employer and the employee by which the question of negligence is eliminated.[8]

By statute[9], and by judicial interpretation, an action for negligence by plaintiff against Armstrong is clearly excluded:

The rights and remedies granted to an employee who has accepted and is bound by the provisions of the Workmen's Compensation Act are exclusive of all other rights and remedies of such employee against his employer, at common law or otherwise.[10]

Plaintiff did not, could not, sue Armstrong for negligence.

4. Rule 14. Rules of Civil Procedure, provides in part: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

5. By Order of Chief Judge J. Robert Martin, Jr., dated April 24, 1965.

6. Rule 14 further provides: "Any party may move to strike the third party claim, or for its severance or separate trial."

7. Wright Federal Courts (1963 Ed.) § 76, p. 289, citing 1A Barron & Holtzoff (Wright Ed.), § 426.4.

8. Conrad v. Cook-Lewis Foundry Co. et al., 198 N.C. 723, 153 S.E. 266.

9. Sec. 97–10.1 of the North Carolina Code (196) provides that the rights and remedies of the Workmen's Compensation Act granted to the employee, his dependents, next of kin or personal representative shall exclude all other remedies and rights of the employee. his dependents, next of kin or representative as against his death.

10. Tscheiller v. National Weaving Co., 214 N.C. 449, 199 S.E. 623, 625.

In its answer Dupont has pled:

That the aforementioned acts of negligence of the said Armstrong Contracting and Supply Corporation were the *sole* cause of any damage which the plaintiff's intestate may have suffered.

This Court has previously ruled that the defense of last clear chance, as alleged against Armstrong in Dupont's answer, is not proper here; it has also deleted, by Order (and instruction) the defense interposed that recovery under Workmen's Compensation barred recovery here.[11] It has not abrogated Dupont's right to plead, and if possible, prove, that the *sole* negligence of Armstrong bars recovery here. Such issue is reserved and retained for the ultimate trial court.

■ Turning aside, briefly, from the impleader as to Armstrong, this Court considers the place of Aetna in the overall picture, as disposal of motions and completion of discovery now accelerate the potential of trial. Aetna is under no obligation to plaintiff, under any stretch of judicial imagination. Again [12] applying the law of North Carolina that reference to any liability insurance, in cases of this nature, are inadmissible and prejudicial, this Court is impelled to forthwith dismiss Aetna as a third party defendant herein.

As this Court views the third party complaint against Armstrong, the jury can make three findings of fact: (1) That the death of Cox's intestate was caused solely by the negligence of Dupont. (2) That the death of Cox's intestate was caused solely by the negligence of Armstrong. (3) That the death of Cox's intestate was caused by the concurrent negligence of both Dupont and Armstrong.

If the jury finds that the death of Cox's intestate was caused solely by the negligence of Dupont, clearly there would be no basis upon which relief could be granted against Armstrong. No court of law could construe the contract between Armstrong and Dupont, more particularly the indemnification clause, as creating a duty in Armstrong to indemnify Dupont for Dupont's own negligence.

A finding that the death of Cox's intestate was caused solely by the negligence of Armstrong would exonerate Dupont; however, the North Carolina Workmen's Compensation Act precludes any further liability on behalf of Armstrong. (supra)

If the jury finds that the death of Cox's intestate was caused by the concurrent negligence of both Armstrong and Dupont, the inevitable conclusion is that the third party complaint states no claim upon which relief can be granted against Armstrong. From a common sense point of view it stands to reason that the Workmen's Compensation Act which precludes Armstrong's liability where the death of Cox's intestate is caused *solely* by the negligence of Armstrong should not permit Armstrong to be held liable where the death of Cox's intestate is caused *partially* by the negligence of Armstrong. Furthermore, Dupont as a third party tort-feasor, cannot use this forum or the pleadings here to defeat the purpose and intent of the North Carolina Workmen's Compensation Act by requiring Armstrong, in effect, to pay an amount in excess of the Workmen's Compensation award to Cox as administrator.

■■ The rules of law applicable to the construction of the indemnity clause in the contract between Armstrong and

---

11. See Order of this Court herein of August 9, 1965.

12. This Court, on August 9, dismissed third-party complaint against Travelers Insurance Company, indemnity insurer for Blaw-Knox Co., a remaining third-party defendant herein, citing Greene v. Charlotte Chem. Lab., Inc., 254 N.C. 680, 120 S.E.2d 82; Scott v. Bryan, 210 N.C. 478, 187 S.E. 756 and other cases.

Dupont compel the conclusion that the third party complaint must be dismissed. It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where such intention is not expressed in unequivocal terms. "Indemnity" Sec. 15, 27 Am.Jur. 464; "Limiting Liability for Own Negligence" Sec. 19, 175 A.L.R. 34. The two following cases are directly in point.

In McCormick v. United States, 134 F.Supp. 243 (D.C.Tex.1955), a contractor contracted with the United States for certain aircraft maintenance work on a United States Air Force Base. The plaintiff, employee of the contractor, sued the United States for injuries sustained on the job on the theory that the United States had breached its duty to him as an invitee in failing to furnish a reasonably safe place to work. The United States named the contractor as a third-party defendant and sought indemnity on the basis of the following contract provision:

> With respect to any Government-furnished product, equipment or facilities, the Contractor shall bear the risk of liabilities for, and shall hold the Government harmless against claims on account of, bodily injury or death of persons and damage to property of the Contractor and others arising out of or in any way connected with the operation, use, possession or handling of the product, equipment or facilities by the Contractor.

Upon motion of the contractor, the Court, applying the rule that indemnity agreements are strictly construed against all those who claim to be indemnitee, and before such provision will be construed as effecting indemnity against one's own negligence, such an intention must be clearly spelled out in unmistakable terms, dismissed the third party complaint of the United States holding that there was no intent in the indemnity clause to indemnify the United States where their negligence concurred in the loss. The indemnity clause in McCormick is even broader than the indemnity clause in the present case: The indemnity clause in the present case provides that "damage must be caused by personnel on the contractor's roll;" the indemnity clause in McCormick provided that the contractor would "bear the risk of liabilities for * * * injury or death of persons and damage to property * * * in any way connected with the operation, use, possession or handling of the product, equipment or facilities by the Contractor."

In Humble Oil and Refining Company v. Wilson, 339 S.W.2d 954 (Tex.Civ.App. 1960), Humble engaged a contractor to perform work on a flare stack at its refinery. Wilson, an employee of the contractor, was killed while engaged in welding work atop the stack. Wilson's beneficiaries sued Humble, alleging that Humble's negligence caused the death. Humble, alleging negligence impleaded the contractor, from whom it claimed indemnity under the following contract provision:

> Contractor further agrees to protect, indemnify and save Humble harmless from and against all claims, demands and causes of action of every kind and character arising in favor of contractor's employees * * * or third parties on account of * * * death * * * in any way resulting from the wilful or negligent acts or omissions of Contractor's agents, employees, representatives or subcontractors.

The jury found that the deceased was not negligent, and that the negligence of both Humble and the contractor proximately caused the death. The Court entered judgment against Humble and denied recovery by Humble against the contractor holding that where the indemnity is for loss resulting from the indemnitor's negligent acts, the agree-

ment does not cover loss if the indemnitee's negligence concurred.

Furthermore, Armstrong in its contract with Dupont agreed to indemnify Dupont for injuries to "third parties." As to Armstrong, Cox was not a third party but an employee.

 The courts hold with almost complete uniformity that, notwithstanding the existence of joint tort feasor contribution acts, a third-party tort feasor is not entitled to contribution from an employer whose negligence concurred in causing the death of an employee where the employer has paid a Workmen's Compensation award. "Workmen's Compensation—Contribution," 53 A.L.R.2d 977. This is clearly the rule in North Carolina whose law controls the present case. Brown v. Southern R. Co., 202 N.C. 256, 162 S.E. 613 (1932); Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886 (1953); Hunsucker v. High Point Bending and Chair Co., 237 N.C. 559, 75 S.E.2d 768 (1953). Two reasons are generally given for the rule: (1) The third party tort feasor cannot enforce contribution against the employer thereby defeating the purpose and intent of the Workmen's Compensation Act by requiring the employer, in effect, to pay an amount in excess of the Workmen's Compensation award to the employee. (2) The Workmen's Compensation Acts abrogate all liability of the employer to the employee as a tort feasor under the laws of negligence for an injury by accident in the employment, and consequently, there is

no joint tort liability through which contribution can be enforced. The North Carolina decisions adopt both reasons for the rule. Brown v. Southern R. Co., 202 N.C. 256, 162 S.E. 613 (1932); Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886 (1953); Hunsucker v. High Point Bending and Chair Co., 237 N.C. 559, 75 S.E. 2d 768 (1953).

In Hunsucker, where the third party tort feasor sought indemnity from the employer, on the ground that its negligence was merely passive, while that of the employer was active, the North Carolina Court stated that there was no fundamental distinction between the right of contribution and the right of indemnity, both resting on principles of equity and natural justice. The right of indemnity is generally held to arise by contract, either express or implied. "Indemnity" Sec. 16, 27 Am.Jur. 465; Steele v. Moore-Flesher Hauling Co., 260 N.C. 486, 133 S.E.2d 197.

But, Dupont, argues, the Workmen's Compensation Act [13] makes proper the impleading of Armstrong, the denial of the motion. It also pleads the indemnity agreement [14] admitted in the contract between Dupont and Armstrong. Nothing this Court decides on this motion precludes further pursuit of Armstrong by Dupont in such separate action(s) as its judgment may dictate and applicable law permit.

This Court is concerned with the practical aspects of the trial of the issues here by jury.[15] This Court is convinced

---

13. N.C. G.S. 97–10.2 provides inter alia: "§ 97–10.2. Rights under article not affected by liability of third party; rights and remedies against third parties.—(e) * * * *except any right which may exist by reason of an express contract of indemnity between the employer and the third party, which was entered into prior to the injury to the employee."* (Emphasis added.)

14. "19. INDEMNIFICATION.—*In connection with the performance of the work hereunder, Contractor agrees to be responsible for damage to the prop-*

*erty of du Pont (excluding that in the Contractor's custody and control) where such damage is caused by the negligence of personnel employed on the Contractor's roll. Contractor further agrees to hold du Pont harmless from loss for such damages.* Contractor agrees that the terms of this Provision 19 will be effective despite any ruling or finding to the effect that personnel on contractor's roll are in fact the agents or employees of du Pont." (Emphasis added.)

15. Dupont demanded trial by jury in its answer of April 26, 1965.

that separate trial of the third party claim would be in the interest of sound judicial administration, Armstrong *cannot* be sued by plaintiff as a *joint tort feasor*. Presence of the insurer as a party would be prejudicial. The contract between Dupont and Armstrong contains statements as to amounts of insurance coverage, and other matters which would confuse the issues; to have Armstrong and/or Aetna before the jury would infuse the trial with collateral matters. Dupont can present the plea of sole negligence on the part of Armstrong without the excess baggage of side issues.

It is to be noted here that there is neither claim, nor presently evidence, before this Court that Armstrong assumed the *entire* operation of Dupont's plant. Interrogatories reveal there were a large number of Dupont employees in the plant, and the plaintiff's complaint and interrogatories indicate that a Dupont employee activated the machine which caused the wrongful death of plaintiff's intestate (See Dupont's answer to plaintiff's interrogatory #90). The indemnity agreement, if presented to, and argued before a jury would confuse this fact. The defense of sole negligence of Armstrong is sufficient for Dupont's protection insofar as the issue(s) between plaintiff and Dupont (not considering Blaw-Knox for the purpose of this reasoning) are concerned.

The Federal Courts are ever conscious of the need for purity of issue, as well as evidence in a jury trial. Conceding the obvious liberality of Rule 14, and the right to implead, this Court is constrained to confine the issues to those germane to plaintiff's claim, so long as same can be accomplished without permanent, or fatal, prejudice to any rights of defendant to pursue separately; such is the case here. Of similar import is the decision, and guidance, of the language of Chief Judge J. Robert Martin, Jr., in Coefield v. Baldwin-Lima-Hamilton Corp., et al,[16] in an Order refusing motion of co-defendant Satterfield Construction Co. to make Raymond International, Inc., workmen's compensation employer of plaintiff, a third party defendant in the negligence action originally instituted by plaintiff. The case is distinguishable because there was (so far as the record on the motion reveals) no indemnity agreement, the concern of the Court for the integrity of the jury issue(s) is apparent:

"The plaintiff's action here is one directed against the negligence of Satterfield Construction Company, Jeff Hunt Machinery Company and Baldwin-Lima-Hamilton Corp. The plaintiff does not and could not allege any negligence on the part of Raymond International, Inc. since Raymond is protected by the South Carolina Workmen's Compensation Act. Satterfield Construction Company by its motion attempts to inject Raymond's negligence which would create an entirely new and different cause of action from the plaintiff's cause. This controversy should not become a battle between defendants. The questions that are raised by the third party Complaint are not germane to the question of liability insofar as the plaintiff is concerned and would tend to confuse a jury. Not only would the plaintiff's cause of action be prejudiced, but the interest of expediency, economy and justice would not be served by allowing Satterfield Construction Company to bring in a third party defendant under Rule 14(a) of the Federal Rules of Civil Procedure. American Zinc Company v. H. H. Hall Construction Company, et al [D.C.], 21 F.R.D. 190; Liberty Mutual Insurance Company v. Allendingham [Vallendingham] et al [D.C.], 94 F.Supp. 17; Hills v. Price [D.C.], 79 F.Supp. 494."

For the reasons hereinabove assigned the motion(s) of Armstrong and Aetna should be granted.

And it is so ordered.

16. Civ.Act. No. 4127, Greenville Div., Sept. 4, 1963, unreported in Fed.Supp.