**Harold H. SHEALY, and Shealy Furniture Company, Inc., Plaintiffs,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant.**

**Civ. A. No. 68–122.**

United States District Court
D. South Carolina,
Columbia Division.

Aug. 1, 1968.

F. B. Grier, Jr., Edward W. Mullins, Sr., and R. Bruce Shaw, of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for plaintiffs.

John Gregg McMaster, and Robert J. Thomas, of Tompkins, McMaster & Thomas, Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

This action arises out of a collision which occurred on October 3, 1967, when one of Southern Railway Company's trains derailed and ran into a warehouse owned by the plaintiff, Harold H. Shealy, extensively damaging the warehouse and causing damage to the contents of the warehouse which belonged to Shealy Furniture Company, Inc. This suit was instituted by Harold H. Shealy and Shealy Furniture Company, Inc. against the defendant, Southern Railway Company, on February 16, 1968. The warehouse and its contents belonging to plaintiffs were located near Batesburg, South Carolina, on a part of the right of way of the Southern Railway Company. Plaintiffs and defendant had entered into a contract whereby the plaintiff Harold H. Shealy was granted a right or license to construct a warehouse.

The defendant's answer, in paragraph 4, sets up certain provisions of the contract entered into between the plaintiff Harold H. Shealy and the defendant. The portion of the contract referred to in paragraph 4 of defendant's answer purports to be an indemnity agreement and the defendant has pleaded this indemnity agreement as a complete bar to the action. The defendant, in its third defense in its answer has also set up the indemnity agreement as a defense, counterclaim and setoff.

The second defense of defendant's answer sets up the defense that plaintiffs have been paid for their loss by Aetna Insurance Company and alleges that by virtue of such payment Aetna Insurance Company is a real party in interest in this action.

Plaintiffs, subsequent to the service of the answer upon them, moved to strike the allegations of paragraphs 4 and 5 of the answer alleging a contract between the plaintiff Harold H. Shealy

and the defendant, the second defense (paragraph 6) of the defendant's answer and the third defense, counterclaim and setoff, paragraph 7 of defendant's answer. Plaintiffs' motions to strike bring this matter to the court for determination.

Paragraph 4 of the defendant's answer which pleads the indemnity provisions between the plaintiff, Harold H. Shealy, and the defendant, provides as follows:

6. That inasmuch as the use by the Licensee of property of the Company in exercise of privileges herein granted may create risks of fire or other loss, injury or damage which would not accrue except for such use, and the company would not grant said privileges except upon the condition that it shall be protected against any risk so created, the Licensee, in consideration of said privileges, and (if a corporation) with warranty of Licensee's authority so to do, covenants hereby to protect and indemnify the Company and save it wholly harmless from the consequences of any property loss or damage, death or personal injury whatever, accruing or suffered or sustained from or by reason of any act, negligence or default of the Licensee, or agents, servants or employees of the Licensee, in or about or in connection with the exercise of the privileges hereby granted, or which may in any manner or to any extent be attributable thereto, or to the presence of any property of the Licensee upon said premises of the Company, and whether or not negligence on the part of the Company, its servants or employees, may have contributed to such loss, injury or damage, except that the Licensee shall not be held responsible for any loss of life or personal injury, or damage to cars or property of the Company, accruing from its own negligence, without fault of the Licensee, his servants or employees.

It is the plaintiffs' contention that the above quoted indemnity provision is not sufficiently broad and explicit to provide indemnity for the defendant for a loss which was occasioned by its own negligence. It is well settled that a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting to him through his own negligent acts, where the contract does not express such an intention in unequivocal terms. Cox v. E. I. Du Pont de Nemours and Co., 39 F.R.D. 47 (D.C.S.C.1965); 27 Am.Jur., Indemnity, § 15; 38 Am.Jur., Negligence, § 8; Murray v. Texas Co., 172 S.C. 399, 174 S.E. 231; Luedeke v. Chicago & Northwestern Ry. Co., 120 Neb. 124, 231 N.W. 695, 71 A.L.R. 912; Buckeye Cotton Oil Co. v. Louisville & N. R. Co., 24 F.2d 347 (6th Cir. 1920); Southern Ry. Co. v. Coca Cola Bottling Co., 145 F.2d 304 (4th Cir. 1944); Bohannon v. Southern Ry. Co., 104 S.E.2d 603, 97 Ga.App. 849.

As the court said in Murray v. Texas Company, supra, when defendant writes a provision into a contract for its own benefit all doubt must be resolved in favor of the plaintiff.

With these legal guides in mind, the burden now upon the court is to determine the intent of the parties and a proper interpretation of the clause six quoted above. While no South Carolina cases can be found which have interpreted this particular indemnity agreement, guidance can be found in Southern Ry. Co. v. Coca Cola Bottling Co., 145 F.2d 304 (4th Cir. 1944). The facts involved an identical clause but suit was initially brought by one G. B. Lachy against Southern for an injury caused when his body struck the warehouse of defendant causing him to be thrown under the train. Suit was subsequently brought by Southern against defendant Coca Cola whereby Southern sought to collect under its indemnity provision. (Clause six). The court, speaking through Judge Dobie and affirming the lower court, found the excepting clause i. e "Except that the Licensee shall not be held responsible for any loss of life or personal injury or damage to cars or property of the Railway Company, oc-

curring from its own negligence, without fault of the Licensee, its servants or employees" controlling.

The court stated that this "excepting clause" must have some meaning and that the intention of the parties must have been to exclude some classes of cases from the broad provisions of the preceding part of the indemnity contract. It was therefore determined that

> [t]he excepting clause relates only to loss of life or personal injury or damage to cars or property of the Railroad. The parties understood that this particular kind of loss, i. e. personal injury and damage to railroad property would be that which would ordinarily arise from operation of the railroad and as a result of conditions over which the Coca Cola Company would have no control. It was provided therefore, that, as to such loss there should be no liability on the part of the company, if it was due to the negligence of the Railroad and if the Coca Cola Company and its servants were without fault with respect thereto.

> This gives the excepting clause a reasonable scope while giving effect to the general provisions of the first clause in cases of losses not of the special class covered by the excepting clause. It makes the Coca Cola Company liable generally for losses attributable to the maintenance of the warehouse on the right of way, but protects it from losses sustained from the operation of the railroad where the Coca Cola Company itself has been without fault.

*Southern,* supra, at 307 and 308.

In reaching this conclusion the court stated that the clear intent of the first clause "is to impose liability for loss arising out of the location of the building notwithstanding negligence on the part of the company contributing to the loss." Therefore, "the general clause covers all loss that may arise from the erection of the building." *Southern,* supra, at 307. The Coca Cola Bottling Company under the first cause must indemnify the railroad company for any loss "occasioned by the presence of the building" regardless of whether or not the railroad's negligence contributed to the loss. Therefore, if the loss is due to the presence of the building it would make no difference whether Coca Cola Bottling Company was negligent or not because it would still be liable under the broad language of the first clause. As the District Judge said, had the indemnity contract ended without the "excepting clause" Southern would have been able to recover against Coca Cola because Coca Cola promised to indemnify Southern for any damage due to the presence of the building regardless of whether there was negligence on the part of Coca Cola's agents or employees.

But the court found that the accident fell within the excepting clause because it had to have some meaning. Therefore, when the "excepting clause" is brought to the forefront, which occurs only when suit is brought by Southern for loss of life or personal injury or damages to cars or property belonging to Southern and Coca Cola is found negligent in any manner, it would be liable. On the other hand, if Coca Cola was not in any way negligent, it would not be liable.

The final analysis, as to the general provision of the indemnity agreement, seems to be that if the damage or loss results from or is attributable to the presence of the building regardless of negligence on the part of Southern Railway Company, or if Coca Cola is in any way negligent through its agents or employees, then under the indemnity agreement Coca Cola would be liable to Southern. Conversely, if the loss or damage is not attributable to the presence of the building or to the negligence of Coca Cola Bottling Company's employees or agents then, arguendo, the indemnity agreement would not be a defense to suit maintained by Coca Cola Bottling Company.

■ Applying this to the facts in the present case, if the presence of the

building of Shealy Furniture Company in no way attributed to the loss and there was an absence of negligence on the part of the agents or employees of Shealy Furniture, then the indemnity agreement would not be a defense in a suit by Shealy Furniture Company. Defendant, therefore, has a valid defense if it can be proved that the presence of the building attributed to the damage.

Having reached this conclusion, the court is of the opinion that the trial judge, upon hearing all of the facts, should have the discretion of determining whether or not the damage resulted from or was in any way attributed to the presence of the building within the meaning of the indemnity agreement in keeping with the interpretation given the agreement in Southern Ry. Co. v. Coca Cola Bottling Co., supra.

The plaintiff's motion to strike is therefore denied.

And it is so ordered.